YANCEY ET AL., APPELLANTS, *v.* PYLES, EXR., APPELLEE.

[Cite as Yancey v. Pyles (1975), 44 Ohio App. 2d 410.]

(No. C-74473—Decided July 28, 1975.)

*Messrs. Lisner, Butkovich, Bodenberg, Crary & Masters* and *Mr. R. Lanahan Goodman,* for appellants.
*Mr. Benjamin F. Stites* for appellee.

PALMER, J. On March 1, 1974, a Complaint was filed in the Court of Common Pleas of Hamilton County, probate

division, by the plaintiffs, the appellants herein, against the defendant, the appellee, alleging in substance that the latter was the executor of the estate of one Joseph C. Pyles, deceased, for whom plaintiffs had rendered certain services during his last illness, and that they had presented a claim for said services to defendant only to have it rejected by him on February 3, 1974. A recovery in the sum of $2,676.50 with interest was sought by plaintiff. This Complaint bears the stamp of the court, showing the following legend: "Filed, Court of Common Pleas, Probate Division, '74 Mar 1 AM 10:57, Melvin G. Rueger, Judge." The Complaint also bears a case number assigned to it by that court—No. 298922.

It is argued, although the record does not reflect the fact, that the Complaint was first tendered for filing at the appropriate issue desk of the Clerk of Courts of Hamilton County, where the deputy nevertheless refused to accept its filing because the caption bore the designation "Probate Division." In all events, the Complaint was thereafter tendered to and accepted for filing by a clerk or deputy in the probate division, where it was stamped and numbered as indicated above. It is undisputed that no praecipe for service of summons was furnished by plaintiffs in connection with this filing, and no summons was issued and no service of record was had on defendant.

The next activity reflected by the record was a Motion to Dismiss the Complaint filed by the defendant in the probate division on May 15, 1974, on the grounds that plaintiffs had failed to properly commence their action within two months from the date of the rejection of their claim, and that the claim was therefore barred by R. C. 2117.12. Following a hearing, the judge of the probate division ordered the cause reassigned to the general division of the Court of Common Pleas for a determination of the Motion to Dismiss and all other matters, and transferred to such general division all papers filed in the cause. As a consequence of this order, the Complaint and the balance of papers were refiled as indicated by the following time stamp thereon: "Filed, '74 Jun 12 PM 3:54, Robert D. Jennings, Clerk of Courts, Hamilton County, Ohio," and were

assigned a new case number conforming to the numbering system used in the general division, A744456.

On August 6, 1974, a judge of the Court of Common Pleas, general division, placed of record an entry granting defendant's Motion to Dismiss on the grounds that plaintiffs "failed to commence their action timely within the provisions of R. C. 2117.12," and accordingly dismissed the Complaint. An appeal was seasonably filed from this order, with plaintiffs presenting a single assignment of error urging that the dismissal of their Complaint was contrary to law.

Defendant's argument in support of the dismissal is predicated upon the provisions of R. C. 2117.12. It states:

"When a claim against an estate has been rejected in whole or in part but not referred to referees, or when a claim has been allowed in whole or in part and thereafter rejected, the claimant must commence an action on the claim, or that part thereof rejected, within two months after such rejection if the debt or that part thereof rejected is then due, or within two months after the same becomes due, or be forever barred from maintaining an action thereon. If the executor or administrator dies, resigns, or is removed within such two months' period and before action is commenced thereon, the action may be commenced within two months after the appointment of a successor.

"For the purposes of this section, the action of a claimant is commenced when the petition and praecipe for service of summons on the executor or administrator have been filed."

This section is obviously applicable to the instant cause, setting forth in its first paragraph the procedure to be followed by one whose claim has been rejected by the executor or administrator of an estate, and providing a two month limitation period for the commencement of such actions following rejection. The second paragraph fixes the commencement of the action as the time when the petition *and praecipe* have been filed, and provides the fundament for defendant's argument that since no praecipe for ser-

vice of summons was filed here, and no jurisdiction over the person of the executor secured, the action was never "commenced." Since, urges defendant, the claim was rejected on February 3, 1974 (as alleged in the Complaint), plaintiffs were barred on or about April 4, 1974, sixty days thereafter, when they had failed within that time properly to "commence" their action under R. C. 2117.12.

The difficulty we find with this argument lies in its reliance upon a statute which, although unrepealed, has arguably surrendered its authority in its procedural aspects to the Rules of Civil Procedure. Thus, it is clear that the rules have generally abolished the necessity for praecipes in order to precipitate service of summons. Civil Rule 3 (A) provides:

A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing.

The Rules Advisory Committee Staff Note under this Rule includes the statement:

"Unlike § 2305.17 R. C., Rule 3(A) does not require a praecipe or an affidavit for service by publication as a requirement for commencing a civil action."

The mechanics of service without a praecipe or affidavit are established by Civil Rule 4, et seq. Civil Rule 4 (A) provides:

"Summons: Issuance. Upon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant. Upon request of the plaintiff separate or additional summons shall issue at any time against any defendant."

Thus, we take it (and defendant concedes) that had this action been an ordinary action in contract against a party in default, rather than an action against an executor pursuant to R. C. 2117.12, the absence of a praecipe would have had no effect in delaying the commencement of the action, notwithstanding the language of R. C. 2305.17, which, like R. C. 2117.12, requires the filing of a petition "together with a praecipe demanding that summons issue" before an action may be said to have commenced. The

action would, on the contrary, and in conformity with Civil Rule 3(A), have commenced upon the filing of the Complaint with the court on March 1, 1974, and the two month limitation period would have been satisfied requiring the overruling of any Motion to Dismiss on jurisdictional grounds, at least for the period of one year following such filing. The question we must therefore examine is whether the fact that the instant case arose under R. C. 2117.12, a statute within the probate section of the code containing a procedure for actions by claimants against executors and providing its own definition of when an action is commenced for limitation purposes,[1] removes the case from the above general rule. We conclude that it does not.

Thus, Civil Rule 1 provides the general scope of the rules, their applicability, construction, and exceptions, in the following language relevant to the issue here:

"(A) Applicability. These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule. * * *

"(C) Exceptions. These rules [*], to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in all other special statutory proceedings * * *."

The foregoing exception, which it might be argued exempts R. C. 2117.12 from the thrust of the civil rules, was amended in 1971 by the deletion of the phrase "to the extent that specific procedure is provided by law."[*] As pointed out in the amended staff note to this rule:

"The language of Rule 1(C) to the effect that the Civil Rules do not apply to special statutory proceedings to the extent that specific procedure is provided by law has been deleted by amendment for several reasons. First, because the legislature as of July 1, 1971, has repealed more than three hundred procedure statutes, a practitioner would find it impossible to comply with many of the

---

[1]Viz., "when the petition and praecipe for service of summons * * * have been filed."

special procedures contained within particular statutory proceedings. Thus, § 163.08, R. C. (in the chapter on appropriation of property), calls for the filing of an answer on the third Saturday after return day. The return day statute, § 2309.41, R. C., has been repealed, consequently there is no return day and of necessity the practitioner must follow the answer day provided by the Civil Rules. Second, when the system of code procedure was adopted more than one hundred years ago, the purpose was to simplify procedure. But over the years innumerable special statutory proceedings were adopted to satisfy particular special interests and as a result procedures, inconsistent with the basic Field Code, proliferated. The Civil Rules, like the Field Code adopted more than one hundred years ago, are intended to simplify procedure. The language of Rule 1(C), now deleted, perpetuated the inconsistencies of special statutory proceedings and prevented the broad application of the rules to special proceedings. Third, the language of Rule 1(C), now deleted, would have permitted the enactment of more special statutory proceedings in the future which in turn would have limited the application of the Civil Rules and have further added to the pitfalls of procedure.

"As a result of the amendment of Rule 1(C) the Civil Rules will be applicable to special statutory proceedings except 'to the extent that they would by their nature be clearly inapplicable.' Certainly the Civil Rules will *not be applicable to those many special statutory proceedings which are non-adversary in nature. On the other hand, the Civil Rules will be applicable to special statutory proceedings adversary in nature* unless there is a good and sufficient reason not to apply the rules. * * *

"It should also be noted that the Civil Rules have a broader application to probate proceedings adversary in nature. See Rule 73, amended July 1, 1971." (Emphasis added.)

Obviously, the procedure contemplated by R. C. 2117.-12 *is* adversary in nature and is, at least on its genesis, a probate proceeding.

Civil Rule 73, as amended, provides:

"(A) Applicability. These Rules of Civil Procedure shall apply to proceedings in the probate division of the court of common pleas as indicated in this rule. Additionally, all of the Rules of Civil Procedure though not specifically mentioned in this rule shall apply except to the extent that by their nature they would be clearly inapplicable. * * *

"(C) Service of summons. Rule 4 through 4.6 shall apply in any proceeding in the probate division of the court of common pleas requiring service of summons."

We can apprehend no reason why (1) the exception contained in Civil Rule 1(C) (7), an exception retained apparently to accommodate non-adversary proceedings, should be held to apply to the adversary proceedings under R. C. 2117.12, nor (2) why the Rules of Civil Procedure are by their nature "clearly inapplicable" within the meaning of Civil Rule 73. We therefore conclude and accordingly hold that the provisions of Civil Rule 3(A) and 4, viz., that an action is commenced by "filing a complaint with the court, if service is obtained within one year from such filing," along with the elimination of a requirement for a praecipe to either "commence" an action or to generate the process of issuing a summons, are fully applicable to proceedings brought under R. C. 2117.12.[2]

As to defendant's argument that this holding would frustrate the legislative intent inferrable in R. C. 2117.12 for a speedy resolution of rejected claims against an estate (by permitting as much as a year to elapse for service to be obtained upon the complaint and thus preventing the timely closing of the estate proceedings), it need only be pointed out that precisely the same result would have followed under the terms of R. C. 2117.12 if a praecipe *had* accompanied the Complaint, but *service* could not, for some reason, have been had. In such event, the complainants would still have had one year to perfect service. R. C. 2305.17; R. C. 2305.03. We find no conceivable legislative

---

[2] See Staff Notes under Civ. R. 73, especially the second paragraph and notes under Civ. R. 73(C).

purpose to be served in creating a distinction between the limitation of time for bringing a suit where service is not had because no praecipe is filed, and the time for bringing a suit where service is not had because a praecipe was filed but ineffective.

Our foregoing conclusion seems to us to accord fully with the provisions of Section 5(B), Article IV of the Ohio Constitution. It states:

"The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such shall be of no further force or effect after such rules have taken effect."

As pointed out in *State* v. *Hughes* (1975), 41 Ohio St. 2d 208, 211, it is only the *"substantive* statutory provision" to which the Rules must yield. It seems manifest to us that the second paragraph of R. C. 2117.12 is procedural, not substantive, and that its provisions have therefore been denied force and effect by the adoption of rules in conflict therewith.

It remains only to be noted that we are not impressed with any detriment which may be argued to have resulted from the apparent confusion suffered by plaintiffs in the physical act of filing the Complaint. Putting aside the question of whether or not plaintiffs were induced to file the Complaint in the probate division by the refusal of the Clerk of Courts to accept it for filing in the usual and proper fashion, and/or by the directions of the Clerk to file it in the probate division (an assertion which may well be true but, as indicated above, is not reflected in the record), it is nevertheless clear that the Complaint was filed in and accepted by the Court of Common Pleas, probate division, on March 1, 1974, a fact conclusively demonstrated by the time stamp of that court and its characteristic numbering there as well. As previously noted, Civil Rule 3(A) requires only that an action be commenced "by filing a complaint *with the court.*"[8] Whatever may have been the rule prior to the 1968 Modern Courts Amendment, it is

---

[8]Emphasis added.

clear today and at all times relevant to this appeal that there is but one common pleas court in each county of this state, with divisions thereof as established by law. Section 4(A), Article IV, Ohio Constitution. The probate division is one division thereof, and the judge thereof is "the judge of the court of common pleas who is judge of the probate division." R. C. 2101.01. It is difficult to conceive of it being successfully argued that had the instant Complaint been filed with, received, stamped, and numbered by a judge of the general division of the court or his deputy, the action would not thereupon have been deemed to have been commenced. We cannot conceive that because the same events transpired with a judge of the probate division or his deputy, the same conclusion would not follow. *King* v. *Paylor* (1942), 69 Ohio App. 193, relied upon by defendant, is factually inapposite.

It follows, therefore, and we accordingly hold, that the action in the instant cause commenced on March 1, 1974, with the filing of the Complaint with the Court of Commoon Pleas, probate division, in conformity with Civil Rule 3(A); that said filing was within two months after the rejection of the claim by the executor and was therefore commenced within the substantive limitation period of R. C. 2117.12; and that the action of the trial court in granting defendant's Motion to Dismiss prior to the expiration of the period provided by Civil Rule 3(A) for the perfection of service, insofar as it was founded upon a purely procedural requirement for a praecipe which had been eliminated by Civil Rule 4(A), was error.

The judgment is reversed, and the cause is remanded for further proceedings in accordance with law.

*Judgment reversed.*

SHANNON, P. J., and KEEFE, J. concur.