DECISION.
{¶ 1} Plaintiff-appellant, Lynn J. Seger, appeals the judgment of the Hamilton County Court of Common Pleas dismissing her medical-malpractice action against defendants-appellees, For Women, Inc., Deanna L. Parobeck, M.D., Good Samaritan Hospital, Tri-Health, Inc., and Nancy Wozniak, M.D. The trial court dismissed on the basis that Seger had not commenced her action within the limitations period. For the following reasons, we reverse the trial court's judgment.
The Filing of the Action
 {¶ 2} Beginning in 2001, the appellees provided Seger with medical services, including a hysterectomy. In September 2002, Seger notified the appellees, pursuant to R.C. 2305.11(B)(1), that she was contemplating a malpractice claim and would require a six-month extension of the one-year statute of limitations.
 {¶ 3} Seger filed her complaint on March 27, 2003, within the extended limitations period, which expired March 29, 2003. In the complaint, Seger alleged that she had sustained severe injuries as a result of the appellees' negligence.
 {¶ 4} When she filed her complaint, Seger requested the clerk of courts to delay serving the complaint. On August 15, 2003, Seger requested service, and the appellees were served no later than August 25, 2003.
 {¶ 5} The appellees filed a motion to dismiss on the basis that Seger had not demanded service within the limitations period. The trial court granted the motion. In a single assignment of error, Seger now argues that the trial court erred in dismissing the action.
 The Meaning of "Commencement" {¶ 6} The appellees argue that Seger did not comply with the statute of limitations even though she filed the complaint within the statutory period. They argue that, in addition to filing the complaint, Seger was required to demand service within the limitations period to properly commence the action. Seger argues that because service was obtained within one year after the filing of the complaint, the action was commenced in a timely fashion, regardless of the date that service was demanded.
 {¶ 7} The parties all agree that the Ohio Rules of Civil Procedure have superseded R.C. 2305.17, which required the filing of a praecipe with the complaint. The applicable rules are Civ.R. 3 and 4.
 {¶ 8} Civ.R. 3(A), entitled "Commencement," provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *."
 {¶ 9} Civ.R. 4(A), governing service of process, provides that "[u]pon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption. Upon request of the plaintiff separate or additional summons shall issue at any time against any defendant."
 {¶ 10} Civ.R. 4(E) governs the time limit for service and states that "[i]f a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."
 {¶ 11} Reading Civ.R. 3 and 4 in pari materia, we agree with Seger that she properly commenced the action within the statutory period. Civ.R. 3, by its unambiguous terms, requires only two events for an action to be commenced: the filing of a complaint and service within one year of the filing. There is nothing in the rule requiring a demand for service.
 {¶ 12} Civ.R. 4 similarly omits any requirement that the plaintiff demand service within the limitations period. On the contrary, Civ.R. 4(A) places the onus of issuing a summons for service upon the clerk of courts. There is no corresponding duty on the part of the plaintiff to demand service or to file a praecipe, as under R.C. 2305.17.
 {¶ 13} Only if service is not obtained within six months of filing is the court authorized to conduct an inquiry into why service has not been made. Even then, the plaintiff is permitted to explain the failure of service. If the explanation is not satisfactory to the court, the remedy is dismissal without prejudice; the plaintiff is not forever barred from bringing the action.
 {¶ 14} Thus, an action is commenced if the complaint is filed within the limitations period and service is made within a year of the filing. There is no separate requirement that the plaintiff demand service within the limitations period.
 {¶ 15} Although we have not faced the precise factual scenario presented in this case, our conclusion here is in conformity with our decision in Yancey v. Pyles,[1] where we emphasized that under Civ.R. 3 filing and service within one year were sufficient for commencement of an action. Moreover, the Third Appellate District has held that, even where the plaintiff affirmatively delays service until after the limitations period has run, the action is deemed to be commenced on the date of filing the complaint, if service is obtained within one year of filing.[2]
 {¶ 16} The appellees cite a number of cases addressing the applicability of the savings statute, R.C. 2305.19, to claims that have been dismissed for lack of service and then refiled.[3] In those cases, the savings statute was held applicable if the plaintiff had filed the complaint and demanded service within the limitations period, even though service had not been made within one year of filing. The appellees quote portions of those cases in support of their argument that a plaintiff must demand service within the limitations period.
 {¶ 17} We find no merit in the appellees' argument. In the cases cited by the appellees, the attempted service was permitted to trigger the savings statute to prevent the plaintiffs from losing their day in court because of the previous failure of service. The decisions did not preclude recovery where demand for service was made after the limitations period had expired, and where service was achieved within one year of filing. Moreover, in recent decisions addressing R.C. 2305.19, the courts have held that demand for service need only be made within one year of filing, rather than within the limitations period, for the savings statute to apply.[4]
 {¶ 18} Here, there is no issue concerning the applicability of the savings statute, and we are not faced with the issue of a failure of service. In the case at bar, it is undisputed that the complaint was filed within the statutory period and that service was made within one year of the filing of the complaint. The cases cited by the appellees are therefore inapposite.
 {¶ 19} And while the appellees claim that they were prejudiced by Seger's purposeful withholding of service until after the expiration of the limitations period, we find no prejudice demonstrated in the record. The appellees had notice of the impending litigation by means of the 180-day notice letter, and there is no specific allegation that the delay in service impeded the defense of the action.
 {¶ 20} In any event, the civil rules provide for a one-year period to obtain service, and service in the instant case was made within that period. There is no exception in the rules for those cases in which the plaintiff requests service to be delayed until after the limitations period has expired. Accordingly, the action was timely commenced, and Seger's assignment of error is sustained.
 Conclusion {¶ 21} For these reasons, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with the foregoing and the law.
Gorman, J., concurs.
Painter, J., concurs separately.
[1] (1975), 44 Ohio App.2d 410, 339 N.E.2d 835.
[2] See Hecker v. Norfolk Western Ry. Co. (1993),86 Ohio App.3d 543, 544-545, 621 N.E.2d 601.
[3] See, e.g., Thomas v. Freeman, 79 Ohio St.3d 221, 227, 1997-Ohio-395,680 N.E.2d 997; Frazier v. Owen (June 12, 1998), 1st Dist. No. C-970487.
[4] See, e.g., Amos v. McDonald's Restaurant, 4th Dist. No. 04CA3,2004-Ohio-5762, at ¶ 11; Nationwide Mut. Ins. Co. v. Galman, 7th Dist. No. 03 MA 202, 2004-Ohio-7206, at ¶ 34.