OPINION
{¶ 1} Plaintiff-appellant, Ronnie A. Troxel, appeals the judgment of the Clermont County Court of Common Pleas dismissing this case pursuant to Civ. R. 4(E).
 {¶ 2} This case arises from alleged injuries sustained by appellant on *Page 2 
September 29, 2003, in the course of his employment with defendant-appellee, Ken Atwell. Appellant filed an application with the Ohio Bureau of Workers' Compensation for benefits. This application was considered by the district hearing officer of the Industrial Commission and was allowed for the conditions described. After losing his appeals below, appellee, the employer, appealed the decision of the Industrial Commission to the Clermont County Court of Common Pleas.
 {¶ 3} The matter was originally filed in the lower court, and service was made upon appellee. After appellant dismissed the original action pursuant to Civ. R. 41 (A), he refiled the case pursuant to the savings statute, R.C. 2305.19, on October 16, 2006. The record reflects that a proper praecipe for certified mail service was filed with the clerk of courts, and a summons and copy of the complaint was issued to appellee on October 17, 2006, by the clerk of courts. The record, however, is void of any indication that service was perfected on appellee or that appellant was notified of the failure at that time. According to the common pleas court, it notified appellant's counsel on March 6, 2007, that service on appellee had not been perfected. It is unclear from the record why appellant's counsel then waited until the end of May 2007 to attempt to reissue service, which was again unsuccessful. Notably, appellant eventually perfected service upon appellee at the address originally listed on the initial summons through regular United States mail, on June 28, 2007, eight months after the original attempt.
 {¶ 4} Appellee moved to dismiss pursuant to Civ. R. 4(E) on July 27, 2007, approximately one month after service was perfected. The trial court granted the motion and dismissed the case "without prejudice pursuant to Ohio Rule of Civil Procedure 41(B)," finding that appellee had not been served within the six-month requirement of Civ. R. 4(E) and that appellant failed to "establish good cause for why service was not made within six months of filing the Complaint." *Page 3 
 {¶ 5} Appellant subsequently filed a motion to vacate the judgment pursuant to Civ. R. 60(B), arguing that he met the requirements to prevail under the rule, because the dismissal without prejudice would result in a dismissal with prejudice, as appellant had already used the savings statute, R.C. 2305.19, to refile the case. The trial court granted appellant's motion in part, but only to the extent that it modified its original entry "to remove reference to Civil Rule 41(B)," and dismissed the case without prejudice pursuant to Civ. R. 4(E). From that judgment, appellant timely appeals, asserting one assignment of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED BY DISMISSING THE PLAINTIFF'S COMPLAINT PURSUANT TO CIV.R. 4(E)."
 {¶ 8} Appellant argues the trial court erred in dismissing his action pursuant to Civ. R. 4(E). We review the trial court's entry dismissing the case for abuse of discretion. See Thomas v. Freeman,79 Ohio St.3d 221, 228, 1997-Ohio-395 (Cook, J. concurring).
 {¶ 9} Civ. R. 4(E) governs the time limit for service and states, "If a service of the summons and complaint is not made upon a defendant within six months after filing of the complaint and the party * * * cannot show good cause why such service was not made * * *, the action shall be dismissed as to that defendant without prejudice." (Emphasis added.) As the First Appellate District explained, "Only if service is not obtained within six months of filing is the court authorized to conduct an inquiry into why service has not been made. Even then, the plaintiff is permitted to explain the failure of service. If the explanation is not satisfactory to the court, the remedy is dismissal without prejudice; the plaintiff is not forever barred from bringing the action." Seger v.For Women, Inc., Hamilton App. No. C-040317, 2005-Ohio-528, ¶ 13, affirmed, 110 Ohio *Page 4 
 {¶ 10} The Ohio Supreme Court has stressed "[t]he rule clearly intends that where service is not perfected within six months of the date of the filing of the complaint the action shall be dismissed withoutprejudice." Thomas v. Freeman, 79 Ohio St.3d 221, 225-226,1997-Ohio-395. (Emphasis in original.) The court further explained that where the facts indicate a plaintiff has not acquired service on the defendant, such dismissal is one otherwise than on the merits and thus, without prejudice, because the defendant has not yet been subject to expense and exposure and does not suffer any prejudice. Id. at 226.
 {¶ 11} In the case at bar, it is clear the trial court intended for the dismissal of appellant's complaint pursuant to Civ. R. 4(E) to be without prejudice. The entry from which appellant is appealing states on the caption "DISMISSAL WITHOUT PREJUDICE." In addition, the trial court incorporated that language into its entry. Prejudice does result in dismissing this case, however, because appellant has already refiled the case once using the savings statute. See id. at 227 (savings statute can only be used once to refile a case).
 {¶ 12} Furthermore, appellee has not suffered any prejudice in appellant's failure to serve him within six months. This workers' compensation action was originally appellee's appeal from the Industrial Commission's decision. Appellee was aware of appellant's Civ. R. 41(A) dismissal and could have expected that the action would be refiled within a year. Appellant had perfected service on appellee well within the requirements of Civ. R. 3(A), which provides that an "action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant." Finally, appellant had perfected service on appellee before the trial court dismissed the action pursuant to Civ. R. 4(E). *Page 5 
 {¶ 13} "Dismissal with prejudice is a very severe and permanent sanction, to be applied with great caution." Thomas at 226. Where the dismissal is one otherwise than on the merits, it is improper for the dismissal to be with prejudice. Id. Under the circumstances in this case, the trial court abused its discretion in dismissing the action pursuant to Civ. R. 4(E), where such dismissal results in one with prejudice. Appellant's assignment of error is well-taken. The trial court's entry of dismissal is reversed, and this cause is remanded to the trial court. Appellant's cause of action is hereby reinstated for further proceedings.
 {¶ 14} Judgment reversed and remanded.
 WALSH, P.J., and POWELL, J., concur. *Page 1