[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 221.]

THOMAS ET AL., APPELLANTS, *v*. FREEMAN, APPELLEE.

[Cite as *Thomas v. Freeman*, 1997-Ohio-395.]

*Civil procedure—Dismissal of actions—Civ.R. 41(B)(4), construed—When a court dismisses a case for lack of service under Civ.R. 41(B)(4), the plaintiff may utilize the savings statute to refile within one year, when.*

1.   When a plaintiff has failed to obtain service on a defendant, whether the court dismisses the case under Civ.R. 4(E) (failure to obtain service) or Civ.R. 41(B)(1) (failure to prosecute), the dismissal is otherwise than on the merits pursuant to Civ.R. 41(B)(4). (Civ.R. 41[B][4], construed.)

2.   When a court dismisses a case for lack of service under Civ.R. 41(B)(4), the plaintiff may utilize the savings statute to refile within one year, providing all other procedural requirements of the savings statute have been met.

(No. 96-2 — Submitted March 18, 1997 — Decided July 16, 1997.)

APPEAL from the Court of Appeals for Summit County, No. 17247.

_____

{¶ 1} On December 23, 1991, appellants, Magnolia and Andrew Thomas ("Thomas"), filed a complaint in the Court of Common Pleas of Summit County alleging that appellee, Gregory J. Freeman ("Freeman"), negligently operated his motor vehicle, causing it to collide with a motor vehicle operated by Magnolia Thomas, who was injured. Service was attempted upon Freeman by certified mail but service failed.

{¶ 2} On June 29, 1992, the trial court sent the following notice to Thomas:

"JE 1552-943 Case will be dismissed within 7 days of filing of this notice unless counsel can show cause as to why no activity has taken place in six months."

**{¶ 3}** Thomas did not respond to the trial court's dismissal warning. Accordingly, on July 14, 1992, the trial court ordered[1]:

"JE 1556-635 Case dismissed for lack of prosecution. Costs to plaintiff unless a final journal entry filed within 30 days provides otherwise."

**{¶ 4}** On July 8, 1993, utilizing the savings statute, Thomas refiled her complaint against Freeman, and attempted service by certified mail on July 9, 1993. Again service failed.

**{¶ 5}** On January 14, 1994, the trial court sent notice to Thomas that, pursuant to Loc.R. 7.18 of the Court of Common Pleas of Summit County and C.P. Sup.R. 6 and 9, Thomas's case would be dismissed within seven days of January 14, 1994, unless counsel for Thomas could show cause why no activity had occurred within the past six months. Thomas failed to respond. Accordingly, on February 11, 1994, the trial court dismissed Thomas's case "without prejudice for lack of prosecution."

**{¶ 6}** On July 7, 1994, Thomas filed a motion to vacate the February 11, 1994 dismissal and reinstate her case. Thomas also filed a motion to designate an individual to make personal service or residential service on Freeman. The trial court granted Thomas's motions to reinstate the case and designated Thomas's counsel, David G. Schmidt, to make personal or residential service on Freeman.

**{¶ 7}** This time service was acquired on Freeman, and he filed an answer. On January 13, 1995, Freeman filed a motion for summary judgment. Freeman alleged that the trial court's first dismissal of Thomas's case, on July 14, 1992, was for "failure to prosecute," and was with prejudice, *i.e.*, it was an adjudication on the merits. Therefore, Freeman argued, since the dismissal was "on the merits,"

---

1. Although we do not have the portion of the record that included the July 14, 1992 dismissal entry, the docket entry for that date appended to Freeman's motion for summary judgment indicates that the case was dismissed "for lack of prosecution." Accordingly, we must presume the trial court dismissed this case pursuant to the authority in Civ.R. 41(B)(1).

Thomas was not able to take advantage of the savings statute (R.C. 2305.19) to refile her complaint on July 8, 1993 because the savings statute can only be utilized to refile a complaint that was dismissed "otherwise than upon the merits."

{¶ 8} The trial court granted Freeman's motion for summary judgment, finding that the July 14, 1992 order dismissing Thomas's case, which stated that the dismissal was for want of prosecution, failed to indicate that it was without prejudice. The trial court, citing *Pelunis v. G.M. & M.* (1982), 8 Ohio App.3d 194, 195, 8 OBR 263, 265, 456 N.E.2d 1232, 1234, found that an order dismissing a case for failure to prosecute is with prejudice unless it states otherwise. Therefore, the trial court found that the July 14, 1992 order to dismiss was with prejudice, which precluded Thomas from refiling her complaint on July 8, 1993.

{¶ 9} Thomas appealed, alleging that the trial court erred in granting summary judgment to Freeman. Thomas argued that the July 14, 1992 dismissal was a failure otherwise than on the merits in accordance with Civ.R. 41(B)(4) or was without prejudice pursuant to Civ.R. 4(E).

{¶ 10} The appellate court found that the dismissal by the trial court was not for failure of service pursuant to Civ.R. 4(E) or for lack of jurisdiction pursuant to Civ.R. 41(B)(4), but was for a lack of prosecution, and since the dismissal did not state otherwise, it was with prejudice under Civ.R. 41(B)(3). In that the appellate court found the dismissal was on the merits, it likewise found that Thomas was unable to utilize the savings statute to refile her complaint. Accordingly, the appellate court affirmed the trial court's decision granting Freeman's motion for summary judgment as well as the dismissal with prejudice of Thomas's complaint.

{¶ 11} The cause is now before this court pursuant to the allowance of a discretionary appeal.

_____

*Shapiro, Kendis & Assoc. Co., L.P.A.*, and *David G. Schmidt*; *Stewart Jaffy & Assoc. Co., L.P.A.*, and *Stewart R. Jaffy*, for appellants.

*McNeal, Schick, Archibald & Biro Co., L.P.A.,* and *Marilyn J. Singer,* for appellee.

_____

**LUNDBERG STRATTON, J.**

**{¶ 12}** There are two issues before this court. The first is whether a dismissal is on the merits where a court dismisses a case because service of process has failed and the dismissal entry does not indicate that the dismissal is otherwise than on the merits. The second issue is whether a plaintiff may utilize the savings statute to refile her complaint where the complaint was dismissed due to a failure of service. The savings statute can only be utilized to refile a case that was dismissed other than on the merits when the statute of limitations has expired. Therefore, the answer to the second issue is dependent upon the answer to the first issue.

Civ.R. 41(B)(4)

**{¶ 13}** Pursuant to Civ.R. 41(B)(1) a court, on its own initiative, may dismiss a case where a plaintiff fails to prosecute his or her case. Usually, a case dismissed under Civ.R. 41(B) operates as an "adjudication on the merits, unless the court, in its order for dismissal, otherwise specifies." Civ.R.41(B)(3). However, pursuant to Civ.R. 41(B)(4), if the dismissal is for a lack of jurisdiction, the dismissal "shall operate as a failure otherwise than on the merits."

**{¶ 14}** In the case at bar, the trial court dismissed Thomas's case "for lack of prosecution." However, the trial court did not have personal jurisdiction over Freeman on the date that it dismissed Thomas's case on July 14, 1992 because Thomas had not perfected service on Freeman. See *Maryhew v. Yova* (1984), 11 Ohio St.3d 155, 156, 11 OBR 471, 472-473, 464 N.E.2d 538, 540. The issue, therefore, is whether the trial court's dismissal of Thomas's case was *on the merits* pursuant to Civ.R. 41(B)(3), or *otherwise than on the merits* pursuant to Civ.R. 41(B)(4) when no service had been perfected on Freeman.

**{¶ 15}** There are two principles of statutory construction that we can also apply to analyzing the Civil Rules.  One principle helps us choose between two alternatives, and the second helps us harmonize apparent conflicts.

**{¶ 16}** Civ.R. 41(B) appears to give the court two alternatives as to the effect of a dismissal of a case where a defendant has not been served, whatever the reason.  However, Civ.R. 41(B)(3) is more general than Civ.R. 41(B)(4).  Therefore, applying the maxim *expressio unius est exclusio alterius* to the case at bar provides guidance as to whether Thomas's case should have been dismissed on the merits (Civ.R. 41[B][3]) or otherwise than on the merits (Civ.R. 41[B][4]).

**{¶ 17}** *Expressio unius est exclusio alterius* means that "the expression of one thing is the exclusion of the other."  Under this maxim, "if a statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded."  Black's Law Dictionary (6 Ed.1990) 581.  See *Cincinnati v. Roettinger* (1922), 105 Ohio St. 145, 152, 137 N.E. 6, 8.

**{¶ 18}** Civ.R. 41(B)(3) states:

"A dismissal under this subdivision * * *, *except as provided in subsection (4) of this subdivision*, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."  (Emphasis added.)

**{¶ 19}** The exception, Civ.R. 41(B)(4), indicates that a dismissal for lack of jurisdiction operates *otherwise than on the merits*.

**{¶ 20}** Having determined that where a defendant has not been served, a court does not have jurisdiction over the defendant, we find, in applying the maxim *expressio unius est exclusio alterius*, that such a dismissal would be *otherwise than on the merits* pursuant to Civ.R. 41(B)(4) to the exclusion of Civ.R. 41(B)(3) (adjudication on the merits) despite the fact that a trial court's entry may be silent on the issue.  This is because Civ.R. 41(B)(4) provides an *exception* to the general rule that an entry dismissing a case pursuant to Civ.R. 41(B) that does not indicate

otherwise is an adjudication on the merits. Civ.R. 41(B)(3). In other words, where a case is dismissed because the court did not have jurisdiction, such as in this case where service has not been perfected, the dismissal is always otherwise than on the merits. Therefore, Civ.R. 41(B)(4) is the controlling subsection.

**{¶ 21}** We must now harmonize Civ.R. 41(B) and 4(E), and for that principle, we turn to *in pari materia*, which means "upon the same matter or subject." Black's Law Dictionary at 791. We have held that where Civil Rules address the same issue, they should be read *in pari materia*. *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 101, 22 OBR 133, 135, 488 N.E.2d 881, 883. The maxim of *in pari materia* indicates that acts will be given full meaning and effect if they can be reconciled. See, generally, *State ex rel. O'Neil v. Griffith* (1940), 136 Ohio St. 526, 17 O.O. 160, 27 N.E.2d 142. Therefore, in the case at bar we find that Civ.R. 41(B) should be read *in pari materia* with Civ.R. 4(E) because both rules address dismissal of a case.

**{¶ 22}** Civ.R. 4(E) states:

"If a service of the summons and complaint is not made upon a defendant within six months after filing of the complaint and the party * * * cannot show good cause why such service was not made * * *, *the action shall be dismissed as to that defendant without prejudice * * *.*"[2] (Emphasis added.)

**{¶ 23}** This rule clearly intends that where service is not perfected within six months of the date of the filing of the complaint, the action shall be dismissed *without prejudice*. Since Civ.R. 4(E) allows a plaintiff to show good cause why his or her case should *not* be dismissed, the lack of a showing of good cause is the equivalent of a failure to prosecute.

---

2. A dismissal with prejudice is treated as an adjudication on the merits. *Tower City Properties v. Cuyahoga Cty. Bd. of Revision* (1990), 49 Ohio St.3d 67, 69, 551 N.E.2d 122, 124. Therefore, a *dismissal without prejudice* is an adjudication *otherwise than on the merits.*

**{¶ 24}** Civ.R. 41(B)(1), the authority under which the trial court dismissed Thomas's case, states:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court * * * may * * * dismiss an action or claim."

**{¶ 25}** Both Civ.R. 4(E) and 41(B)(1) provide the *authority* for a court, on its own initiative, or on motion by a party, to dismiss the plaintiff's case. Therefore, Civ.R. 41(B)(1) and 4(E) should be read *in pari materia.* Civ.R. 41(B)(4) provides the *effect* of this type of dismissal.

**{¶ 26}** To allow a court to dismiss a case on the merits for a failure of service pursuant to Civ.R. 41(B)(1) would render Civ.R. 4(E) useless with regard to the effect of the dismissal, *i.e.*, dismissals under Civ.R. 4(E) are always otherwise than on the merits, while dismissals under Civ.R. 41(B)(1) can be on the merits. The result is that different courts have applied either Civ.R. 4(E) or 41(B)(1) to the same fact pattern, with severe consequences to those parties dismissed under Civ.R. 41(B)(1) where the dismissal was on the merits.

**{¶ 27}** Therefore, in reconciling the two rules, where the facts indicate that a plaintiff has not acquired service on the defendant, the court may characterize its dismissal as a failure to prosecute pursuant to Civ.R. 41(B)(1), or as a failure to obtain service under Civ.R. 4(E), but the dismissal under either rule will be otherwise than on the merits under Civ. R. 41(B)(4).

**{¶ 28}** This analysis strikes a balance between the competing public policies of construing and applying the Civil Rules to eliminate those cases merely languishing on the docket versus deciding cases upon their merits. *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 7 OBR 256, 454 N.E.2d 951. Dismissal with prejudice is a very severe and permanent sanction, to be applied with great caution. See *Logsdon v. Nichols* (1995), 72 Ohio St. 3d 124, 128, 647 N.E.2d 1361, 1364-1365.

**{¶ 29}** Where there has been no service, the defendant has not yet been subject to expense and exposure, and indeed is usually unaware of the lawsuit so a dismissal otherwise than on the merits does not prejudice the defendant. However, once service has been completed, a defendant engages counsel and expends time, money, and resources. At that point, a court may protect a defendant from a dilatory plaintiff who fails to prosecute his or her case by use of Civ.R. 41(B)(1) and (B)(3) after proper notice, by a dismissal with prejudice. *Perotti* at 3, 7 OBR at 257, 454 N.E.2d at 952; *Logsdon* at 128-129, 647 N.E. 2d at 1365. Such policy considerations do not exist when the defendant has not yet been served.

**{¶ 30}** Appellee Freeman argues that a dismissal without prejudice subjects the defendant to continued exposure. However, the risk of abuse of continuous refilings by a less than diligent plaintiff is minimized for two reasons. First, a dismissal, even without prejudice, requires the plaintiff to pay a second filing fee, as well as reacquiring service on the defendant. Thus, there is financial disincentive. Second, and more important, the savings statute can be used only once to refile a case. *Hancock v. Kroger Co.* (1995), 103 Ohio App. 3d 266, 659 N.E.2d 336; *Iglodi v. Montz* (Aug. 4, 1995), Cuyahoga App. No. 68621, unreported, 1995 WL 516609.

## SAVINGS STATUTE

**{¶ 31}** Pursuant to its dismissal with prejudice, the trial court determined that Thomas was unable to avail herself of the savings statute because it may only be utilized if the case was dismissed otherwise than on the merits. In that we have determined that the trial court should have dismissed Thomas's case pursuant to Civ.R. 41(B)(4), which is otherwise than on the merits, there is now cause to examine the applicability of the savings statute to Thomas's July 8, 1993 refiled complaint.

**{¶ 32}** The savings statute, R.C. 2305.19, states:

"In an action commenced, or attempted to be commenced, if in due time *** the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date."

{¶ 33} In the case at bar, we have determined that the July 14, 1992 dismissal of Thomas's case was otherwise than on the merits. Further, since Thomas filed her initial complaint and demanded service before the two-year statute of limitations expired, and since the statute of limitations had subsequently expired, Thomas had one year from July 14, 1992 to refile her complaint, which she did on July 8, 1993, approximately six days prior to the expiration of the savings statute allowance. See *Goolsby v. Anderson Concrete Corp.* (1991), 61 Ohio St.3d 549, 575 N.E.2d 801. Therefore, Thomas properly utilized the saving statute to refile her July 8, 1993 complaint.[3]

## CONCLUSION

{¶ 34} We hold that when a plaintiff has failed to obtain service, whether the court dismisses the case under Civ.R. 4(E) (failure to obtain service) or Civ.R. 41(B)(1) (failure to prosecute), the dismissal is otherwise than on the merits pursuant to Civ.R. 41(B)(4).

{¶ 35} Consequently, when a court dismisses a case for lack of service under Civ.R. 41(B)(4), the plaintiff may utilize the savings statute to refile within one year, providing all other procedural requirements of the savings statute have been met.

---

3. We have determined that Thomas could take advantage of the savings statute with regard to the complaint she refiled on July 8, 1993. The fact that, subsequent to the refiling of the complaint, on February 11, 1994, the trial court dismissed Thomas's complaint again does not affect the validity of Thomas's case because Thomas successfully moved the trial court to vacate the February 11, 1994 dismissal. This means that the February 11, 1994 dismissal was a nullity because the case refiled under the savings statute was restored to the docket. Had the trial court refused to vacate the dismissal, Thomas could not have refiled under the savings statute a second time.

**{¶ 36}** Accordingly, we find that the dismissal of Thomas's complaint on July 14, 1992 was otherwise than on the merits pursuant to Civ.R. 41(B)(4), and that Thomas's complaint of July 8, 1993 was properly refiled within the time allowed under the savings statute. Therefore, we reverse the judgment of the court of appeals and find that the trial court improperly granted Freeman summary judgment. Consistent with this opinion, we reinstate Thomas's July 8, 1993 complaint.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs in judgment only.

COOK, J., separately concurs in judgment only.

_____

**COOK, J., concurring in judgment only.**

**{¶ 37}** Although I agree that the trial court improperly dismissed this case *with prejudice*, I respectfully disagree with the analysis employed by the majority opinion.

**{¶ 38}** The majority acknowledges in paragraph one of the syllabus that dismissal for failure to prosecute pursuant to Civ.R. 41(B)(1) is proper where a plaintiff fails to obtain service on a defendant. In this case, the trial court likely followed C.P.Sup.R. 6(A), a rule promulgated by this court, which requires trial judges to "review, or cause to be reviewed, all cases assigned to the judge." Under C.P.Sup.R. 6(A), cases which have been on the docket for six months "without any proceedings taken therein, except cases awaiting trial assignment, *shall be dismissed*, after notice to counsel of record, *for want of prosecution*, unless good cause be shown to the contrary." (Emphasis added.)

**{¶ 39}** In *Jones v. Hartranft* (1997), 78 Ohio St.3d 368, 372, 678 N.E.2d 530, 534, we discussed the standard of review in cases where a trial court dismisses

10

a case for lack of prosecution under Civ.R. 41(B)(1). There we stated, "although reviewing courts espouse an ordinary 'abuse of discretion' standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits." *Id.* The only issue remaining in this case, then, is whether the trial court abused its discretion in dismissing the case with prejudice.

{¶ **40**} I would find that the trial court fell below the heightened standard for abuse of discretion by dismissing this case with prejudice. Civ.R. 3(A) provides plaintiffs with a one-year post-filing period in which to obtain service of process. Thus, the Thomases had approximately five months within which to obtain service to comply with Civ.R. 3(A) at the time the trial court dismissed their complaint with prejudice. Additionally, Civ.R. 4(E), which addresses dismissals under the circumstances of this case, directs courts that such dismissal be without prejudice, so as to avoid a conflict with Civ.R. 3(A). See 4 Harper & Solimine, Anderson's Ohio Civil Practice (1996) 177, Section 150.06.

_____