OPINION
Appellants Kathryn Mitter, Julie Mitter, Jenny Mitter, and Ben Mitter appeal a summary judgment of the Muskingum County Common Pleas Court, dismissing their action against appellee Gary Mitter:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT SINCE THE FACTS WHEN CONSTRUED IN A LIGHT MOST FAVORABLE TO APPELLANT AS THE NON-MOVING PARTY ESTABLISHES THAT SERVICE PERFECTED UPON APPELLEE.
On September 10, 1989, appellee Gary Mitter, who subsequently changed his name to Gary Porter, lost control of the vehicle he was operating. The single-vehicle collision caused severe injuries to the passengers in the car. The passengers were appellants Kathryn, Jenny, Julie, and Ben Mitter (appellee's former wife and children.)
Appellants originally filed a complaint against appellee on September 6, 1991, within the two-year statute of limitations as provided in R.C. 2305.10. Service of the complaint and summons was directed to appellee at 6890 Axline Avenue, Box 324, East Fultonham, Ohio. This address was the residence of appellee's mother. Jean Porter, appellee's mother, signed the return certified mail receipt as an agent for appellee. Jean Porter later called the Clerk of Courts' office to inform them that she had signed for her son's paperwork, and was trying to locate him. She eventually delivered a copy of the complaint to appellee.
On June 9, 1992, the trial court notified appellants that if they did not file a motion for default judgment within ten days, the case would be dismissed, as no answer had been filed. On July 23, 1992, appellants voluntarily dismissed the action pursuant to Civ.R. 41(A).
Pursuant to the provisions of R.C. 2305.19, Ohio's saving statute, the action was refiled on June 22, 1993. Service was perfected on appellee, and he filed an answer in July, 1993.
On February 9, 1995, appellee filed a motion to dismiss the complaint. Appellee claimed that there was failure of service on the first complaint, which prevented the application of the savings statute to the second action. Although the motion was styled as a motion to dismiss pursuant to Civ.R. 12(B)(6), the court converted the motion into one for summary judgment pursuant to Civ.R. 56.
Following an evidentiary hearing, the court granted the motion for summary judgment. The court found insufficient service of the first complaint upon appellee, as appellee presented evidence that he did not live at his mother's house at the time the complaint was filed, nor was he aware the lawsuit until after it had been dismissed in June of 1992.
 I.
Appellants first argue that the court erred as a matter of law by granting appellee's motion for summary judgment, as R.C.2305.19 preserves the cause of action where there has been a prior dismissal, as long as service was attempted in the first action.
R.C. 2305.19 provides in pertinent part:
 In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. . . .
When a plaintiff has failed to obtain service on a defendant, and the court dismisses the case pursuant to Civ.R. 4(E) or Civ.R. 41(B)(1), the dismissal is otherwise than on the merits pursuant to Civ.R. 41(B)(4). Thomas vs. Freeman (1997), 79 Ohio St.3d 221, at paragraph one of the syllabus. When the court dismisses a case for lack of service, the plaintiff may utilize the saving statute to refile within one year, providing all other requirements of the saving statute have been met. Id. at paragraph two of the syllabus.
R.C. 2305.19 specifically provides that a case may be saved pursuant to the statute if it was attempted to be commenced in a timely manner, and fails otherwise than upon the merits. Pursuant to the language of the statute and Thomas, supra, appellants' timely filing of the initial complaint, and attempted service on appellee, was sufficient to invoke the provisions of the saving statute. Therefore, the court erred in finding that appellants could not use the saving statute in the instant case, on the basis that they did not properly perfect service on appellee in the initial filing of the complaint.
The first Assignment of Error is sustained.
 II.
Appellants argue that the court erred in finding that reasonable minds could only conclude that service was not perfected upon appellee. We agree.
Civ.R. 41.1 provides that service by certified mail may be evidenced by a return receipt signed by any person. Under the Rules of Civil Procedure, certified mail no longer requires actual service upon the party receiving the notice, but is effective upon certified delivery. Akron-Canton Regional Airport Authority vs.Swinehart (1980), 62 Ohio St.2d 403, 405. It is not necessary that service be attempted through the most likely means of success; it is sufficient that the method adopted by reasonably calculated to reach its intended recipient. Id. at 406.
Appellants presented evidence that since his divorce in July of 1986, appellee led a rather nomadic life. In addition to living with his mother in the basement of the house on Axline Avenue, appellee had moved in and out of at least five different apartments in the two-year period between the accident and the end of 1991. Appellants presented evidence that the only reliable location to contact appellee by phone was at his mother's residence on Axline Avenue. This was sufficient evidence from which reasonable minds could conclude that service was reasonably calculated to reach appellee at his mother's home. Further, appellee's mother received the complaint and summons, and signed the return receipt in the space provided for signature by an agent.
The second Assignment of Error is sustained.
The summary judgment of the Muskingum County Common Pleas Court is vacated. The complaint is reinstated, and this case is remanded to that court for further proceedings according to law.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. CT97-0030
For the reasons stated in the Memorandum-Opinion on file, the summary judgment of the Muskingum County Common Pleas Court is vacated. The complaint is reinstated, and this case is remanded to that court for further proceedings according to law. Costs to appellee.