OPINION
Plaintiff Martha R. Bauer appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Fairfield County, Ohio, which dismissed her motion to hold defendant Mark H. Hannum in contempt of court for failure to pay certain debts and obligations as ordered in the divorce decree issued on December 21, 1993. Appellant assigns nine errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR I:
 THE TRIAL COURT ERRED AS MATTER OF LAW IN HOLDING THAT AN ACTION IN WHICH IT HAD NO JURISDICTION DUE TO THE ALLEGED LACK OF SERVICE COULD BE DISMISSED WITH PREJUDICE.
ASSIGNMENT OF ERROR II:
 THE LOWER COURT ERRED IN EFFECTING A POST DECREE MODIFICATION OF THE PARTIES' PROPERTY DIVISION AS SET FORTH IN THE DIVORCE DECREE.
ASSIGNMENT OF ERROR III:
 THE LOWER COURT ERRED IN FAILING TO CONSTRUE THE RECORD IN THE LIGHT MOST FAVORABLE TO MRS. BAUER AND IN FAILING TO CONDUCT AN EVIDENTIARY HEARING REGARDING THE ISSUE OF SERVICE OF PROCESS.
ASSIGNMENT OF ERROR IV:
 THE LOWER COURT ABUSED ITS DISCRETION IN FAILING TO TAKE EVIDENCE AT THE HEARING. FAILING TO ALLOW A CONTINUANCE SO MRS. BAUER COULD PRESENT TESTIMONY FROM THE PROCESS SERVER, REFUSING TO EVEN ALLOW MRS. BAUER TO BE HEARD, AND IN DISMISSING THE CASE OVER A PURPORTED ERROR IN SERVICE NOT BY MRS. BAUER, BUT BY THE CLERK OF COURTS.
ASSIGNMENT OF ERROR V:
 THE DECISION OF THE LOWER COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR VI:
 THE LOWER COURT ERRED IN DISMISSING THIS CASE UNDER CIV. R. 4 (E).
ASSIGNMENT OF ERROR VII:
 THE LOWER COURT ERRED AS A MATTER OF LAW IN DENYING MRS. BAUER DUE PROCESS.
ASSIGNMENT OF ERROR NO. VIII:
 THE LOWER COURT ERRED IN FAILING TO HOLD THAT HANNUM WAIVED ANY CHALLENGE TO SERVICE OF PROCESS.
ASSIGNMENT OF ERROR NO. IX:
 THE LOWER COURT ERRED IN HOLDING SERVICE OF A MOTION FOR CONTEMPT HAD TO BE MADE IN A MANNER SPECIFIED IN CIV. R. 4.1 TO 4.6.
In the parties' divorce, appellee was ordered to pay certain marital debts. Appellant alleges appellee failed to do so, and now one of the creditors seeks to foreclose on the former marital residence, which was awarded to appellant in the property division. Appellant filed a motion for contempt against appellee on May 12, 1996. The court dismissed this motion for lack of service without prejudice. On August 28, 1996, appellant refiled her motion, and attempted service. The matter was set for hearing on January 8, 1997. Just prior to the hearing, appellee moved to dismiss, again alleging service had not been properly accomplished. In June, 1997, the court overruled the motion to dismiss, but directed appellant to obtain service within 30 days. Appellant again attempted to do so, and the matter was again set for hearing. On October 16, 1997, more than a year after appellant first attempted to bring this matter to the court's attention, the court called the case for hearing. At the hearing, appellee again moved the court to dismiss the case for lack of proper service. Over appellant's objection, the court dismissed the matter with prejudice pursuant to Civ.R. 41(B)(3). The court later filed findings of fact and conclusions of law in response to appellant's request. The court also overruled appellant's motion for a new trial, and appellant filed this appeal. Appellant's notice of appeal states her appeal is taken from the court's judgment entry overruling her motion for a new trial, and its judgment entry denying her motion for findings of fact and conclusions of law on its denial of her motion for a new trial.
 III and IV In First Bank of Marietta v. Mascrete, Inc. (1997), 79 Ohio St.3d 503, the Ohio Supreme Court held: "A contempt hearing may be considered a trial for purposes of a Civ.R. 59 motion for a new trial." Syllabus by the court, paragraph one. In Mascrete,supra, the Supreme Court cited with approval the case of Haase v.Haase (1990), 64 Ohio App.3d 758, wherein a trial court heard an argument on issues raised in several post-decree motions. TheHaase court found the language of Civ.R. 59 is broad enough to authorize the seeking of a re-hearing of such post-decree motions,Mascrete, supra, at 508.
Although none of appellant's assignments of error discuss the court's ruling on her motion for a new trial, appellant points out irregularities in the court proceedings, and abuses of discretion, which she alleges precluded her from having a fair trial. Civ.R. 59 includes these reasons as grounds for a new trial.
In Thomas v. Freeman (1997), 79 Ohio St.3d 221, the Ohio Supreme Court expressly found failure to obtain service should not be grounds for dismissal with prejudice.
In addition, as appellant points out, the court did not take evidence regarding whether or not appellee had properly been served. Appellant argues appellee's motion to dismiss was based upon an error in the certified mail service, and appellant requested a continuance so she could bring in the process server she had retained to make additional service, in order to determine whether appellee had been personally served properly. The court overruled the motion for continuance.
A motion for new trial is directed to the trial court's sound discretion, and this court should not disturb the court's decision unless we find the trial court abused its discretion. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable, see, e.g., Blakemore v. Blakemore (1983), 5 Ohio St.3d 217
at 219.
We find the trial court's decision to dismiss appellant's motion with prejudice without taking evidence regarding the reason for dismissal constitutes an abuse of discretion. For this reason, we find the trial court should have granted appellant a new trial on her motion for contempt.
The third and fourth assignments of error are sustained. The balance of appellant's assignment of error are overruled as moot in light of our determination the trial court should conduct a new trial on the issue of service of process.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Fairfield County, Ohio, is reversed, and the cause is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., and Wise, J., concur.
Hoffman, J., dissents.