**BEHAVIOR MANAGEMENT ASSOCIATES, Appellee,**

v.

**BUCCILLI, Appellant.**

[Cite as *Behavior Mgt. Assoc. v. Buccilli* (1999), 132 Ohio App.3d 847.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 98–L–071.

Decided April 16, 1999.

*Bruce A. Block* and *Susan R. Seliga,* for appellee.

*Barbara Q. Smith,* for appellant.

NADER, Judge.

On June 15, 1992, the Willoughby Municipal Court, in Lake County, rendered default judgment for appellee, Behavior Management Associates, against appellant, Natalie Buccilli, and her husband, Michael A. Buccilli, for $2,105 plus interest and costs.

Appellee has attempted on numerous occasions to collect on its judgment. In response to a garnishment, Bank One sent appellee a check in the amount of $3,226.18. Appellant filed a motion to dismiss the garnishment, claiming that her only source of income was proceeds from her Super Lotto prize, which pays her in yearly installments. She argued that these funds were exempt from garnishment and attachment, even after deposited into the bank. The trial court denied the motion, concluding that R.C. 3770.07 did not exempt lottery funds from garnishment proceedings and ordered that the garnishment proceed. Appellant appealed, raising the following assignment of error for our review:

"The trial court erred as a matter of law in holding that the proceeds of lottery prize awards are not exempt from garnishment, attachment, or execution by a judgment creditor once those funds have been deposited into a checking account."

In her only assignment of error, appellant asserts that the language of R.C. 3770.07(A)(4), which states: "No right of any person to a prize award shall be assignable, or subject to garnishment, attachment, execution, withholding, or deduction," exempts lottery funds from garnishment and attachment after they have been deposited into a checking account. In support of her assertion, appellant argues that the Ohio Supreme Court, in *Daugherty v. Cent. Trust Co. of Northeastern Ohio, N.A.* (1986), 28 Ohio St.3d 441, 28 OBR 492, 504 N.E.2d 1100, determined that funds exempt from "garnishment, attachment, or execution" by statute do not lose their exempt status when they are deposited into a checking

account. Appellee asserts that *Daugherty* does not exempt lottery proceeds deposited into a checking account, and that we should follow *Meyers v. Ohio State Lottery Comm.* (1986), 34 Ohio App.3d 232, 517 N.E.2d 1029, which states that at no time has the legislature specifically taken steps to insulate lottery prize winnings from judgment creditors through R.C. 2329.66.

■ Appellant mischaracterizes *Daugherty*. *Daugherty* applies to property that is exempted by R.C. 2329.66, such as welfare benefits and Social Security benefits, both of which are exempted to allow debtors to maintain a standard of living. As appellee correctly points out, the legislature could easily have exempted lottery winnings in the same way by clearly stating an intention to do so. Appellant argues that the legislature showed its intent to exempt lottery winnings by amending R.C. 3770.07 to change "garnishment" to "garnishment, attachment, execution, withholding, or deduction." Such a distinction was cited by *Philpott v. Essex Cty. Welfare Bd.* (1973), 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608, to explain why Social Security benefits were exempted and funds protected by the Consumer Credit Protection Act were not. Appellant claims that the legislature changed the statutory language in R.C. 3770.07 because of this case, which was cited in the *Daugherty* decision. Under the general rule of statutory construction, *expressio unius est exclusio alterius,* the expression of one or more items of a class implies that those not identified are to be excluded. *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 224–225, 680 N.E.2d 997, 1000; *Independent Ins. Agents of Ohio, Inc. v. Fabe* (1992), 63 Ohio St.3d 310, 314, 587 N.E.2d 814, 817; *Montgomery Cty. Board of Commrs. v. Pub. Util. Comm.* (1986), 28 Ohio St.3d 171, 28 OBR 262, 503 N.E.2d 167; *State v. Droste* (1998), 83 Ohio St.3d 36, 39, 697 N.E.2d 620. Had the legislature meant to exempt lottery funds from garnishment or attachment after they had been deposited into a checking account, it would have explicitly done so by adding this exemption to R.C. 2329.66.

■ The purpose of R.C. 3770.07 is to spare the state the burden and cost of creditors attempting to garnish lottery winnings, not to protect the winners. The precise words of R.C. 3770.07(A)(4) are: "[n]o *right* of any person to a prize award shall be assignable, or subject to garnishment, attachment, execution, withholding, or deduction * * *." (Emphasis added.) R.C. 3770.07 is silent with regard to garnishment or attachment of the prize award after appellant's right to it has evolved into possession. Therefore, after disbursement, the prize award is no longer protected by R.C. 3770.07.

The Ohio Supreme Court has likened lottery winnings to gambling income. *Fisher v. Neusser* (1996), 74 Ohio St.3d 506, 660 N.E.2d 435. The *Fisher* court states that absent a clear intention to do so by the General Assembly, the court could not place what is essentially gambling income into the same fortress of protection from municipal taxation erected for income from such sources as

stocks, bonds, certificates, debentures, notes, deposits, annuities, royalties, money, and credits. Today, we hold that, much like shielding lottery winnings from municipal taxation, absent a clear intention to do so by the General Assembly, we cannot shield lottery winnings from garnishment attempts by a judgment creditor once they have been deposited into a checking account. Therefore, appellant's assignment of error is without merit. We affirm.

*Judgment affirmed.*

FORD, P.J., and CHRISTLEY, J., concur.