OPINION
Amy E. Hart, plaintiff-appellant, appeals a decision of the Franklin County Court of Common Pleas. The trial court granted a motion to dismiss with prejudice in favor of The Dispatch Printing Company, defendant-appellee. Pursuant to App.R. 12(A)(1)(a), we affirm the court's judgment dismissing appellant's action and modify it to be a dismissal without prejudice.
On February 6, 1998, appellant filed a complaint against appellee alleging three claims pursuant to R.C. 4112.99: (1) age discrimination; (2) disability discrimination; and (3) retaliation. Appellee filed an answer to appellant's complaint on March 25, 1998. On April 8, 1998, appellee filed a notice that it would depose appellant on May 28, 1998. On June 25, 1998, appellee filed an initial disclosure of potential witnesses.
On October 20, 1998, appellee filed a motion for dismissal with prejudice pursuant to Civ.R. 37(D) and 41(B)(1). Appellee claimed that "[n]otwithstanding several telephone conferences with [appellant's] counsel, written correspondence, and the passage of six months" appellant had failed to: (1) respond to appellee's discovery requests; (2) identify dates on which she would be available for a deposition; and (3) participate in the filing of an "Initial Joint Disclosure of All Witnesses" as required by the original case schedule. Appellee also stated that appellee's "counsel has heard nothing from [appellant's] counsel since July 21, 1998, and has no reason to believe [appellant] wishes to continue pursuing this lawsuit."
On October 23, 1998, the trial court filed a "Notice of Pending Motion to Dismiss and Intent to Dismiss With Prejudice." The court stated that appellant would have until November 11, 1998 "to show cause why the action should not be dismissed and to explain the circumstances causing her failure to respond to [appellee's] written discovery request and to appear for deposition." On November 10, 1998, appellant's counsel filed a response to the court's show cause order, stating the following:
 [Appellant] fully intends to pursue her cause of action against [appellee]. She has not responded to [appellee's] Discovery Requests because due to financial hardship she has relocated twice. Her first move was to Lucasville, Ohio. Her second move was to Moscow, [Idaho]. Because of these moves, she has faced mail forwarding problems. [Appellant's] counsel made numerous attempts to reach her during the summer of 1998. Ultimately, he was successful in reaching her and apprised her immediately that her case could be dismissed if discovery responses were not forwarded promptly. As a result, on October 23, 1998, [appellant's] counsel was able to forward answers to [appellee's] First Set of Interrogatories and First Request for Production of Documents. [Appellant's and appellee's] defense counsel have been attempting to establish deposition dates as well. At this time, although no deposition date has been established, [appellant] has indicated that she will travel from [Idaho] to be present at her deposition.
 [Appellant] also requests an extension of the Initial Witness Disclosure and Discovery Cutoff due to the problems she has had in continuing forward with her case. [Appellant] does not seek to continue the trial date, but only the Discovery and Initial Witness Disclosure deadlines. Lastly, [appellant] is in the process of serving her own First Set of Interrogatories and First Request for Production of Documents * * *. This is further evidence that [appellant] fully intends to litigate her causes of action.
On November 30, 1998, the trial court filed an entry granting appellee's motion to dismiss. The court found that appellant:
 * * * has failed to show cause why this action should not be dismissed with prejudice. She has virtually failed to comply with the case schedule order and failed to timely respond to discovery requests. Notwithstanding this Court's notice of intent to dismiss, she has failed to make herself available for deposition. The only reason offered by [appellant] is that she moved on two occasions and her counsel was not able to locate her. The Court does not find these excuses to be sufficient explanation for [appellant's] failure to prosecute the action and comply with civil rules of procedure. When [appellant] initiated the case she was obligated to keep her counsel apprised of her whereabouts, to pursue the action and to provide [appellee] with requested information.
Appellant appealed this decision and it was assigned appellate number 98AP-1645.
On February 19, 1999, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court overruled appellant's Civ.R. 60(B) motion on May 20, 1999. Appellant filed an appeal of this decision and it was assigned appellate number 99AP-706. On June 30, 1999, we granted appellant's motion to consolidate both appeals. Appellant presents the following assignments of error:
 [1.] THE FRANKLIN COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT GRANTED THE MOTION OF DEFENDANT-APPELLEE TO DISMISS THE ACTION WITH PREJUDICE BASED UPON THE ALLEGED FAILURE OF PLAINTIFF-APPELLANT TO COMPLY WITH THE DISCOVERY REQUESTS OF DEFENDANT-APPELLEE.
 [2.] THE FRANKLIN COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT DENIED HER MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE BASED UPON THE ALLEGED FAILURE OF PLAINTIFF-APPELLANT TO COMPLY WITH THE DISCOVERY REQUESTS OF DEFENDANT-APPELLEE.
Appellant argues in her first assignment of error that the trial court erred in dismissing her case with prejudice. Appellant contends that the trial court did not have authority to dismiss her case because appellant had complied with the court's orders.
The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court and a reviewing court's review of such a dismissal is limited. QuonsetHut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 47. However, the "extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party." Moore v. Emmanuel Family Training Ctr. (1985),18 Ohio St.3d 64, 70.
Civ.R. 41(B)(1) states in part that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." The notice requirements of Civ.R. 41(B)(1) "applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders." (Emphasis sic.) Ohio Furniture Co. v. Mindala
(1986), 22 Ohio St.3d 99, 101. The purpose of the notice requirement of Civ.R. 41(B)(1) "is to give the party who is in jeopardy of having his or her action or claim dismissed one last chance to comply with the order or to explain the default."Sazima v. Chalko (1999), 86 Ohio St.3d 151, 155.
In the present case, appellant timely filed a response explaining why she had failed to prosecute her case. However, the trial court found appellant's arguments unpersuasive, finding that "these excuses" are not enough to be a "sufficient explanation for [appellant's] failure to prosecute the action and comply with civil rules of procedure." Thereafter, the court dismissed appellant's action with prejudice.
However, after having reviewed the record, we cannot say that appellant's or her counsel's conduct evidenced "a complete disregard for the judicial system or the rights of the opposing party." At no time did appellant fail to respond to any orders by the trial court. The only order that appears on the record is the court's October 23, 1998 entry ordering appellant by November 11, 1998, to "show cause why the action should not be dismissed and to explain the circumstances causing her failure to respond to [appellee's] written discovery request and to appear for deposition." Appellant timely complied with the court's order, filing her response to show cause on November 10, 1998. At the same time, appellant also filed her interrogatories to appellee, and a request for production of documents. Appellee had also previously received appellant's responses to appellee's interrogatories on October 29, 1998.
Unless the conduct of a party is so "`"negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order,' * * * a court should first consider lesser sanctions before dismissing a case with prejudice." Sazima, at 158. It appears that the trial court did give much thought to the conduct of plaintiff and her attorney. However, a dismissal without prejudice would have remedied appellant's failure to follow the case schedule. Also, a dismissal without prejudice may minimize appellee from being subjected to the continued exposure of litigation. Thomas v. Freeman (1997), 79 Ohio St.3d 221, 227.
 * * * [T]he risk of abuse of continuous refilings by a less than diligent plaintiff is minimized for two reasons. First, a dismissal, even without prejudice, requires the plaintiff to pay a second filing fee, as well as reacquiring service on the defendant. Thus, there is financial disincentive. Second, and more important, the savings statute can be used only once to refile a case. [Citations omitted.]
Id. A review of the record does not show that the trial court considered the lesser sanction of dismissal without prejudice. We find that when balancing the interests of the parties, a lesser sanction of dismissal without prejudice would have been more appropriate.
Appellant cites to the recent Ohio Supreme Court decision inSazima, arguing that the trial court did not have the authority to dismiss her action. The Ohio Supreme Court stated inSazima that "once plaintiff's counsel has responded to the notice given pursuant to Civ.R. 41(B)(1) by complying with the trial court's outstanding order, the trial court may not thereafter dismiss the action or claim on the basis of noncompliance with that order." Sazima, at 157.
 * * * If a trial court was permitted to dismiss an action for plaintiff's failure to comply with an outstanding order after notice to the plaintiff's counsel resulted in compliance, the entire purpose of providing notice in the first place would be defeated.
Id. Failure to comply with an order "hardly rise[s] to the level of extreme circumstances that would justify a dismissal with prejudice without first resorting to the imposition of lesser sanctions." Id. at 159. However, the present case involves different circumstances than Sazima. The trial court did not dismiss appellant's case because she had failed to comply with a court order, but instead because appellant had failed to comply with the case schedule. Therefore, the purpose of the court's order was not to force compliance to an order, but instead was to give appellant an opportunity to explain why she had not complied with the case schedule.
Accordingly, we sustain appellant's first assignment of error and pursuant to App.R. 12(A)(1)(a) and in the interests of justice, we modify the trial court's judgment dismissing appellant's action with prejudice to be a dismissal without prejudice. We do not need to address appellant's arguments concerning the trial court's dismissal of her Civ.R. 60(B) motion because they are made moot by our modification of the original court decision. App.R. 12(A)(1)(c). This case is remanded to the trial court for preparation of an appropriate entry consistent with this opinion. The trial court may also consider other sanctions available in light of this court's ruling.
Judgment affirmed with modification; cause remanded.
TYACK, J., concurs.
BRYANT, J., concurs in part and dissents in part.