OPINION
Plaintiff, Margaret Rife, appeals a June 29, 1999 decision of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants Keith Thomas and Commercial Parts and Service of Columbus, Ohio, Inc., and raises the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT, WHICH THE COURT HAD CONVERTED FROM A MOTION TO DISMISS, IN THAT PLAINTIFF-APPELLANT'S COMPLAINT WAS DISMISSED BY THE COURT PURSUANT TO CIV. R. 41(B)(1), WITHOUT PREJUDICE, AND WAS OTHERWISE THAN ON THE MERITS, AND THEREFORE, PLAINTIFF-APPELLANT MAY UTILIZE THE SAVINGS STATUTE TO REFILE A COMPLAINT WITHIN ONE YEAR.
For the following reasons, we sustain the plaintiff's assignment of error, and reverse the judgment of the trial court.
On January 10, 1997, plaintiffs, Margaret Rife and Angela Rife,[1] filed a complaint seeking compensation for injuries they sustained as a result of an automobile collision involving defendant Keith Thomas. Plaintiffs' complaint was filed one day prior to the expiration of the two-year statute of limitations for personal injury claims set forth in R.C. 2305.10. On the same day, plaintiffs instructed the Franklin County Clerk of Courts to serve the defendants by certified mail. However, service was later returned as unclaimed.
On August 12, 1997, the trial court dismissed the plaintiffs' complaint for want of prosecution. Prior to the dismissal, plaintiffs were given notice of the court's intention to dismiss their case without prejudice. Thereafter, on August 4, 1998, plaintiffs refiled their complaint, and later obtained service upon both defendants.
Not long after the plaintiffs' complaint had been refiled, defendants moved to dismiss this action, arguing the plaintiffs had failed to commence suit within the two-year statute of limitations. The defendants' motion to dismiss was converted by the trial court to a motion for summary judgment on January 8, 1999. After supplementary briefing, the court issued a decision in which it concluded that the plaintiffs were required to complete service in the original action prior to refiling under R.C. 2305.19.
The sole issue presented in this appeal is whether R.C.2305.19 allows refiling only of actions which have been commenced, or whether it also allows the refiling of actions which have been "attempted to be commenced." R.C. 2305.19 provides:
 In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * * [Emphasis added.]
Defendants maintain the plaintiffs are not entitled to refile this action because they did not obtain service prior to the August 12, 1997 dismissal of their original complaint. In support of this assertion, the defendants cite a handful of cases which hold that an action is "commenced," or "attempted to be commenced," only if effective service of process has been obtained.
While we acknowledge that earlier cases have construed R.C. 2305.19 to require actual service upon a defendant, the most recent pronouncement from the Ohio Supreme Court on R.C. 2305.19
is set forth in Thomas v. Freeman (1997), 79 Ohio St.3d 221. InThomas, the plaintiff filed her original complaint on December 23, 1991. Like the plaintiffs in this case, she was unable to obtain service upon the defendant, and the action was dismissed by the court on July 14, 1992, for her failure to prosecute. On July 8, 1993, the plaintiff refiled her complaint, and later successfully served the defendant. The defendant then moved for summary judgment, arguing that the prior dismissal was on the merits, and therefore, that the plaintiff was not allowed to refile her case pursuant to R.C. 2305.19. The trial court agreed and granted the defendant's motion. The court of appeals later affirmed.
On July 16, 1997, the Supreme Court reversed. In doing so, the Supreme Court found R.C. 2305.19 applicable to cases where service of the original complaint has not been completed. Significantly, the Supreme Court held that a showing that a plaintiff has taken some action to obtain service is sufficient, noting that "since [the plaintiff] filed her initial complaint and demanded service before the two-year statute of limitations expired, and since the statute of limitations had subsequently expired, [the plaintiff] had one year from July 14, 1992, to refile her complaint." Id. at 227.
As recognized in Thomas, it was not necessary for the plaintiffs to complete service of their first complaint upon the defendants, because on its face, R.C. 2305.19 provides that a case may be saved so long as a plaintiff attempts to serve a defendant in a timely manner. In this case, it is undisputed that the plaintiffs' original complaint was filed within the two-year statute of limitations set forth in R.C. 2305.10. It was, therefore, timely. There is also no question that the trial court's dismissal of that complaint was without prejudice, in other words, otherwise than upon the merits. Finally, there is no question that the plaintiffs attempted to commence the first action by instructing the Franklin County Clerk of Courts to serve the defendants by certified mail. Therefore, the trial court erred when it concluded that the plaintiffs were not entitled to refile their complaint pursuant to R.C. 2305.19.
Accordingly, the assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
 __________________ PETREE, J.
TYACK and KENNEDY, JJ., concur.
[1] Although Angela Rife was a plaintiff in the lower court, she has not filed a notice of appeal in this action.