[Cite as *Claren v. Adult Parole Auth.*, 2011-Ohio-7034.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAUL R. CLAREN

    Plaintiff

    v.

ADULT PAROLE AUTHORITY, et al.

    Defendants

Case No. 2011-10924

Judge Joseph T. Clark

ENTRY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

{¶1} On October 18, 2011, defendants filed a motion for summary judgment pursuant to Civ.R. 56(B). On October 28, 2011, plaintiff filed a response. The case is now before the court for a non-oral hearing on defendants' motion. Civ.R. 56(C); L.C.C.R. 4.

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} In his complaint, plaintiff alleges that in 1995, defendants, the Ohio Board of Nursing (OBN), and the Department of Mental Health (DMH), falsified a patient abuse investigation which resulted in criminal charges being filed against plaintiff. On January 16, 1998, plaintiff was found not guilty of patient abuse. According to plaintiff, OBN used false information to issue an order permanently revoking his nursing license on May 19, 2000. Plaintiff was subsequently incarcerated for various crimes against individuals who were involved in proceedings which resulted from the allegations of patient abuse. Plaintiff alleges that defendant, Adult Parole Authority (APA), "and other corrupt elected officials" acted as a "stooge" to "set [him] up for a crime," which resulted in a longer term of incarceration.

{¶5} In the motion for summary judgment, defendants contend that plaintiff's claims are barred by the doctrine of res judicata. In support of that contention, defendants have attached to their motion a copy of a complaint plaintiff filed on May 12, 1999, in Case No. 1999-08696 wherein plaintiff alleged that DMH maliciously provided false information which resulted in both the revocation of his nursing license and the criminal charges against him. On May 8, 2000, the court issued an entry dismissing with prejudice plaintiff's complaint in Case No. 1999-08696, noting that during an April 14, 2000 hearing, plaintiff expressly waived his claim against defendant DMH. On May 3, 2001, the court issued an entry dismissing plaintiff's subsequent complaint in Case No. 2001-01671, based upon the finding that plaintiff's claims against both DMH and OBN were barred by the doctrine of res judicata as a result of the dismissal in Case No. 1999-08696.

{¶6} Upon review of the complaint in Case No. 1999-08696, it is clear that plaintiff's current action is based upon the same set of facts alleged in the prior case. A

dismissal with prejudice is treated as an adjudication on the merits. *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 225.

{¶7} The doctrine of res judicata holds that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331. Furthermore, the doctrine of res judicata "'applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action.'" Id. at 383, quoting 1 Restatement of the Law 2d, Judgments (1982) 209, Section 25.

{¶8} There can be no reasonable dispute that plaintiff's claims against defendants were previously dismissed by this court on the merits. Consequently, res judicata bars plaintiff from pursuing the claims in this case.

{¶9} To the extent that plaintiff alleges that the APA improperly revoked his parole following his term of incarceration, it has been consistently held that the APA's decision to revoke parole is an exercise of an executive function involving a high degree of official judgment or discretion pursuant to legislative authority and, as such, is not actionable under the discretionary immunity doctrine. *Johnson v. Adult Parole Auth.* (Feb. 15, 2000), Franklin App. No. 99AP-522; see also *Reynolds v. State* (1984), 14 Ohio St.3d 68.

{¶10} Upon review of defendants' motion for summary judgment and plaintiff's response, and construing the facts in a light most favorable to plaintiff, the court finds that no genuine issues of material fact exist and that defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment is hereby GRANTED and judgment is rendered in favor of defendants. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

Case No. 2011-10924        - 4 -        ENTRY

_____
JOSEPH T. CLARK
Judge

cc:

Peter E. DeMarco          Paul R. Claren
Assistant Attorney General     930 North Ella Street, Apt. 15
150 East Gay Street, 18th Floor   Orrville, Ohio 44667-1145
Columbus, Ohio 43215-3130

AMR/dms
Filed December 21, 2011
To S.C. reporter March 20, 2012