O’Neill, J.,
dissenting.
{¶ 30} This case can be reduced to a single narrow issue: Does a city council have the power to limit the municipal court’s jurisdiction in “traffic camera” cases and confer jurisdiction on a nonelected hearing officer? The answer is a resounding no. As the Sixth District correctly concluded, one need only look at R.C. 1901.20(A)(1) for the answer. That statute provides:
The municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory, unless the violation is required to be handled by a parking violations bureau or joint parking violations bureau pursuant to Chapter 4521. of the Revised Code, and of the violation of any misdemeanor committed within the limits of its territory.
(Emphasis added.)
{¶ 31} It is evident under this statute that the General Assembly has vested the municipal court with jurisdiction over the violation of any ordinance generally *428 and any misdemeanor specifically, other than parking violations. The term “any ordinance” does not need interpreting. It is clear on its face. Other than the specifically mentioned parking-violation ordinances, “any ordinance” covers “any ordinance,” which includes Toledo Municipal Code (“TMC”) 313.12. This is the only logical interpretation of this statute. Clearly, the legislature understands how to make exceptions to a general rule, as it did in R.C. 1901.20(A)(1) with parking violations. One principle of statutory construction is that “ ‘if a statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded.’ ” Thomas v. Freeman, 79 Ohio St.3d 221, 224-225, 680 N.E.2d 997 (1997), quoting Black’s Law Dictionary 581 (6th Ed.1990). Hence, the “any ordinance” language in this statute covers TMC 313.12, since there is no specific exception set forth for ordinance violations captured by traffic cameras. The Sixth District was correct when it stated:
Toledo Municipal Code 313.12 is an ordinance of a municipal corporation within the territory encompassed by the Toledo Municipal Court and is not a parking violation; therefore, the violation of Toledo Municipal Code 313.12 is subject to the jurisdiction of the Toledo Municipal Court. Any attempt, in whole or in part, to divest the court of that jurisdiction violates the authority of the General Assembly to set the jurisdiction of the court, thus violating Ohio Constitution, Article IV, Section 1.
2013-0hio-2809, 994 N.E.2d 467, ¶ 24 (6th Dist.).
{¶ 32} In this case, the Toledo City Council has divested the Toledo Municipal Court of part of its jurisdiction by vesting jurisdiction over traffic-camera cases in a hearing officer. A hearing officer is simply not a substitute for a municipal court judge who has been elected to preside over judicial matters. TMC 313.12 is a direct infringement of the municipal court’s jurisdiction as well as the legislature’s right to confer jurisdiction on the court and the right of the general population to elect those empowered to determine whether laws have been violated.
{¶ 33} The majority bases its decision, in part, on Mendenhall v. Akron, 117 Ohio St.3d 33, 2008-Ohio-270, 881 N.E.2d 255. But Mendenhall addressed the issue of home-rule authority and the constitutionality of a municipality’s imposing civil liability for traffic-law violations captured by traffic cameras. The present case is not about home rule and does not implicate Mendenhall. It is solely about the jurisdiction of the Toledo Municipal Court and whether TMC 313.12 unlawfully intrudes upon and reduces that jurisdiction. It does. Accordingly, I *429 would affirm the decision of the Sixth District Court of Appeals and remand the matter to the trial court for further proceedings.
Mayle, Ray & Mayle, L.L.C., Andrew R. Mayle, Jeremiah S. Ray, and Ronald J. Mayle; and Murray & Murray Co., L.P.A., and John T. Murray, for appellee.
Adam W. Loukx, Toledo Law Director, and Eileen M. Granata; and Crabbe, Brown & James, L.L.P., Andy Douglas, Larry H. James, and Jeffrey D. Houser, for appellant city of Toledo.
Bricker & Eckler, L.L.P., Quintín F. Lindsmith, James P. Schuck, and Sommer L. Sheely, for appellant Redflex Traffic Systems, Inc.
Baker & Hostetler, L.L.P., Gregory V. Mersol, and Chris Bator; and Barbara A. Langhenry, Cleveland Director of Law, and Gary S. Singletary and John Mills, Assistant Directors of Law, urging reversal for amici curiae Xerox State & Local Solutions, Inc., and city of Cleveland.
Frost Brown Todd, L.L.C., Philip K. Hartmann, Yazan S. Ashrawi, and Stephen J. Smith; John Gotherman; Jennifer S. Gams, Assistant City Attorney, Columbus; and John C. Musto, Assistant City Attorney, Dayton, urging reversal for amici curiae the Ohio Municipal League, the city of Columbus, and the city of Dayton.
Ronald Riley, East Cleveland Law Director; and Squire Sanders, L.L.P., Richard S. Gurbst, and F. Maximilian Czernin, urging reversal for amici curiae city of East Cleveland and American Traffic Solutions, Inc.
Richard C. Pfeiffer Jr., Columbus City Attorney, and Jennifer S. Gams and Janet Hill Arbogast, Assistant City Attorneys, urging reversal for amicus curiae city of Columbus.
Freda J. Levenson, Jennifer Martinez Atzberger, and Drew S. Dennis, urging affirmance for amicus curiae American Civil Liberties Union of Ohio Foundation.
Maurice A. Thompson, urging affirmance for amici curiae 1851 Center for Constitutional Law; State Representatives Dale Mallory, John Adams, Ron Maag, John Becker, Matt Lynch, Rick Perales, Terry Boose, Margaret Conditt, Terry Blair, Richard Adams, Bob Hacket, Peter Stautberg, Cliff Rosenberger, Mike Dovilla, Tim Derickson, Dave Hall, Alicia Reece, Louis Blessing III, Bill Patmon, Peter Beck, and John Barnes; and State Senators Kris Jordan, Shannon Jones, Joseph Uecker, Tom Patton, Jonathan Ecklund, Timothy Schaffer, and William Seitz.
{¶ 34} I respectfully dissent.
Pfeifer and French, JJ., concur in the foregoing opinion.