OPINION JUDGMENT ENTRY
{¶ 1} Appellant Jane Witschi appeals the decision of the Richland County Court of Common Pleas that granted Appellee David Welsh's motion to strike praecipe and complaint. The following facts give rise to this appeal.
 {¶ 2} On May 17, 2000, an accident occurred between Appellant Witschi and Appellee Welsh. As a result of the accident, appellant filed a complaint, against appellee, on May 8, 2002. Appellant attempted to serve appellee via certified mail on May 28, 2002. However, the complaint and summons were returned, with the notation, "undeliverable as addressed."
 {¶ 3} Thereafter, on September 27, 2002, the trial court filed an order for potential dismissal. In the order, the trial court indicated it would dismiss appellant's complaint, without prejudice, effective November 1, 2002, if appellant did nothing further to commence the action against appellee. Appellant took no further action to prosecute this matter.
 {¶ 4} On May 8, 2003, appellant filed a hand-written praecipe for service of the complaint in case number 02-521-D. Pursuant to the praecipe, appellant served appellee with the complaint on May 12, 2003. On August 3, 2003, appellee filed a motion to strike the praecipe and complaint on the basis that the current action was not commenced within the two-year statute of limitations and therefore, no case ever came into existence. The trial court granted appellee's motion on August 25, 2003. The court concluded the case was dismissed on November 1, 2002, and any subsequent filings should be stricken.
 {¶ 5} Appellant timely filed a notice of appeal on September 2, 2003.
 I {¶ 6} Prior to addressing the merits of appellant's appeal, we note that appellant failed to comply with App.R. 16(A)(3) and (4). This rule provides:
{¶ 7} "(A) Brief of the appellant
 {¶ 8} "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
 {¶ 9} "* * *
 {¶ 10} "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 {¶ 11} "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates."
 {¶ 12} "* * * "
 {¶ 13} Without a statement of the assignments of error or issues presented for review, we adopt the issue as presented in appellee's brief. Appellee maintains the trial court was correct in striking appellant's praecipe and complaint because no action was ever commenced against appellee and the savings statute does not apply. We disagree.
 {¶ 14} The accident giving rise to this lawsuit occurred on May 17, 2000. Appellant filed her first complaint on May 8, 2002, nine days before the expiration of the statute of limitations. Appellant attempted service via certified mail. However, service failed. The trial court conducted a scheduling conference on September 18, 2002. Counsel for appellant did not appear at this conference.
 {¶ 15} On September 27, 2002, the trial court filed an order for potential dismissal indicating it would dismiss appellant's complaint, effective November 1, 2002, unless she filed additional documents to prosecute the case to judgment. Appellant filed no additional documents. Pursuant to its judgment entry of August 25, 2003, the trial court considered appellant's complaint dismissed effective November 1, 2002.
 {¶ 16} We disagree with the trial court's conclusion that the case was dismissed on this date. Although not indicated in its judgment entry of September 27, 2002, it appears the trial court's decision to dismiss for failure to prosecute was based upon Civ.R. 4(E). This rule provides, in pertinent part:
{¶ 17} "(E) Summons: time limit for service
 {¶ 18} "If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. * * *."
 {¶ 19} The trial court attempted to dismiss appellant's complaint before the expiration of the six-month period provided for in Civ.R. 4(E). The six-month period expired on November 8, 2002. The trial court attempted to make its dismissal effective November 1, 2002. Because the trial court prematurely dismissed appellant's complaint, under Civ.R. 4(E), we conclude said entry filed September 27, 2002, is void. Thus, appellant's complaint was not dismissed as of November 1, 2002.
 {¶ 20} Further, under Civ.R. 3(A), appellant had one year to commence her action from the filing of her complaint. This rule provides:
 {¶ 21} "(A) Commencement
 {¶ 22} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)."
 {¶ 23} Since appellant's complaint was not dismissed effective November 1, 2002, appellant had, under Civ.R. 3(A), until May 8, 2003, to commence this action by serving appellee with a copy of the summons and complaint. However, the record indicates appellant did not commence the action by this date because she never successfully served appellee.
 {¶ 24} Because appellant filed her original complaint and request for service of summons prior to the expiration of the statute of limitations, appellant is permitted to refile her action within one year of the failure of her first lawsuit other than on the merits pursuant to R.C. 2305.19, Ohio's savings statute. This statute provides, in pertinent part:
 {¶ 25} "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, * * *, may commence a new action within one year after such date. * * *."
 {¶ 26} Appellant attempted to commence her action on May 8, 2002. An "attempt to commence," under R.C. 2305.19, has been interpreted to mean that a plaintiff take action to effect service on a defendant within the applicable statute of limitations. Schneider v. Steinbrunner (Nov. 8, 1995), Montgomery App. No. 15257, at 11. In the case sub judice, because appellant requested service by certified mail on May 8, 2002, appellant attempted commencement of the action and therefore, is entitled to refile her complaint pursuant to the savings statute.
 {¶ 27} However, we must now determine the date the first lawsuit failed other than on the merits. In Shanahorn v. Sparks
(June 29, 2000), Franklin App. No. 99AP-1340, the court of appeals determined the date the first lawsuit failed other than on the merits is the date one year after the first lawsuit was filed, following which the lawsuit could no longer be commenced. Id. at 6. "Thus, R.C. 2305.19 allowed one year from the date the trial court should have dismissed the first lawsuit, or two years from the date of the initial filing." Id.
 {¶ 28} In the case sub judice, the date the first lawsuit failed other than on the merits was May 8, 2003. Accordingly, under the savings statute, appellant has until May 8, 2004, to commence this action. This is one year from the date the trial court should have dismissed the first lawsuit or two years from the date of the initial filing. Because appellant commenced her action and served appellee with a copy of the summons and complaint on May 12, 2003, the trial court erred when it granted appellee's motion to strike praecipe and complaint.
 {¶ 29} Appellant's sole assignment of error is sustained.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, J., Gwin, P.J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to Appellee.