JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, Carol Ann Stone, appeals the trial court's dismissal of her case against defendants, John Adamini and Vernon Harris. Stone and her former co-plaintiff, Kevin Linetty, were allegedly assaulted by the defendants. Stone suffered a broken arm and other injuries in the incident, which occurred on August 28, 1998.
 {¶ 2} On August 30, 1999, Stone filed suit against both defendants. Although she obtained service on Harris, she never obtained service on Adamini. In September of 2000, the court warned that the case would be dismissed for want of prosecution pursuant to Local Rule 18 if no activity occurred. On March 30, 2001, the court dismissed the case without prejudice for want of prosecution.
 {¶ 3} Stone refiled the case on April 1, 2002. Although this time she obtained service on Adamini, she initially did not obtain service on Harris. Stone finally served Harris by publication. At a subsequent default hearing against him, he appeared and requested time to obtain counsel, which extension the court granted.
 {¶ 4} Adamini filed a motion to dismiss and Harris filed a companion motion for summary judgment, which motion the court converted to a motion to dismiss. The court granted both motions and Stone appealed, stating three assignments of error. The first concerns the timeliness of the filing of her first complaint and states:
 {¶ 5} Contrary to arguments presented in the motions to dismiss filed by appellees in the trial court, appellant stone filed her original action and her refiled complaint in a timely fashion within the applicable statute of limitations.
 {¶ 6} In its judgment entry dismissing the case, the court noted that "THE EVENT IN QUESTION OCCURRED ON 8/28/98 AND THE ORIGINAL COMPLAINT WAS FILED ON 8/30/99." The court did not, however, give as its reason for dismissal a failure to file within the statute of limitations.
 {¶ 7} R.C. 2305.111, which controls the statute of limitations for assault and battery, states in pertinent part, "an action for assault or battery shall be brought within one year after the cause of the action accrues." Civ.R. 6(A) provides that if the statute of limitations expires on a Saturday, Sunday, or holiday when the court is closed, then the party shall have until the next business day to file the action without exceeding the statute of limitations.[1]
 {¶ 8} We take judicial notice that August 28, 1999 fell on a Saturday and that the court was closed until the following Monday, August 30th, when Stone filed her complaint. Her complaint, therefore, was not untimely filed. Cox v. Dept. ofTransportation (1981), 67 Ohio St.2d 501. Insofar as the court dismissed the complaint as untimely, the court's judgment is overruled.[2]
 {¶ 9} Stone's second and third assignments of error address the same issue:
 {¶ 10} The trial court clearly erred pursuant to Thomas V.Freeman in granting harris' motion to dismiss where harris had been served in the original action and in the refiled case.
 {¶ 11} The trial court erred in its application of the rulings in the Motorists Mutual Insurance Co. v. Huron RoadHospital and the Branscom v. Birtcher cases to the instant case in its determination of the adamini motion to dismiss.
 {¶ 12} Stone argues that the trial court erred when it dismissed the second filing of her complaint for failure to perfect service on Adamini in the first filing. The journal entry stated: "As the plaintiff failed to perfect service on defendant during the one year period following the filing of the complaint in the original case, this case is untimely for failure of commencement." The entry was also marked: "DIS. W/PREJ — FINAL." The court then cites to Civ.R. 3(A), Motorists Mutual Ins. Co.v. Huron Road Hospital (1995), 73 Ohio St.3d 391, 396, andBranscom v. Birtcher (1988), 55 Ohio App.3d 242.
 {¶ 13} Civ.R. 3(A) states that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * *." Clearly, the case against Adamini was not commenced. The savings statute does not limit itself, however, only to actions which were commenced. Rather, it states:
 {¶ 14} In any action that is commenced or attempted to becommenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.
 {¶ 15} R.C. 2305.19(A), emphasis added.
 {¶ 16} In Motorists Mutual, on which the court relies, the plaintiff never attempted service before the case was dismissed. There is no dispute that service was attempted in the case at bar. Further, the second case cited by the court, Branscom, was expressly overruled by the court that wrote it. Shanahorn v.Sparks (June 29, 2000), Franklin App. No. 99AP-1340, 2000 Ohio App. LEXIS 2859. The Shanahorn court stated that "an attempt to commence within the meaning of R.C. 2304.19 requires only that a plaintiff has taken action to effect service on a defendant within the applicable statute of limitations." Id. at *12.
 {¶ 17} In fact, the Ohio Supreme Court ruled in Thomas v.Freeman (1997), 79 Ohio St.3d 221:
 {¶ 18} We hold that when a plaintiff has failed to obtain service, whether the court dismisses the case under Civ.R. 4(E) (failure to obtain service) or Civ.R. 41(B)(1) (failure to prosecute), the dismissal is otherwise than on the merits pursuant to Civ.R. 41(B)(4).
 {¶ 19} Consequently, when a court dismisses a case for lack of service under Civ.R. 41(B)(4), the plaintiff may utilize the savings statute to refile within one year, providing all other procedural requirements of the savings statute have been met.Id. at 227. See, also, Abel v. Safety First Industries, Cuyahoga App. No. 80550, 2002-Ohio-6482, noting that although courts had previously held that a case was considered "attempted to be commenced" only if service was actually obtained, the law now clearly stated that "[t]he applicability of R.C. 2905.19 is not limited only to circumstances where effective service of process has been obtained. By its express language, the savings statute also applies where there has been an attempt to commence an action." Abel, ¶ 40-42.
 {¶ 20} Although Stone did not perfect service on Adamini in the first filing of her complaint, she attempted to do so. By filing the complaint and attempting service, therefore, she attempted to commence the complaint. The trial court erred in dismissing her complaint for failure to perfect service on Adamini within one year of the filing of the original case.
 {¶ 21} After addressing Adamini's motion to dismiss, the court then ruled on Harris' motion for summary judgment by converting it to a motion to dismiss and stating that it was "GRANTED FOR THE SAME REASONS STATED IN THE COURT'S RULING ON DEFENDANT ADAMINI'S MOTION TO DISMISS." Because service was perfected on Harris in the first filing of the case, however, the reasoning concerning failure of commencement does not apply in Harris' case. In fact, the case against Harris was timely filed and timely refiled. The trial court erred, therefore, in dismissing the complaint against Harris.
 {¶ 22} Accordingly, both these assignments of error have merit. This case is reversed and remanded for further proceedings consistent with this opinion.
 {¶ 23} This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellees her costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., and Calabrese, Jr., J., concur.
[1] The rule states: "In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. When a public office in which an act, required by law, rule, or order of court, is to be performed is closed to the public for the entire day which constitutes the last day for doing such an act, or before its usual closing time on such day, then such act may be performed on the next succeeding day which is not a Saturday, a Sunday, or a legal holiday.
[2] We note that March 30, 2002 also fell on a Saturday, and the next business day was April 1st. The current complaint, therefore, was also timely filed.