DECISION AND JUDGMENT ENTRY
{¶ 1} Linda Diane Amos appeals the Hocking County Court of Common Pleas' decision granting McDonald's Restaurant's motion to dismiss on the grounds that she did not commence her action within the two-year statute of limitations. Amos contends that the dismissal is contrary to the savings statute, R.C. 2305.19, and Thomas v. Freeman (1997), 79 Ohio St.3d 221. Although Amos did not perfect service upon McDonald's Restaurants within one year of filing her claim, and thus did not commence the action within the meaning of Civ.R. 3(A), she attempted to commence her action and it failed otherwise than upon the merits. Therefore, pursuant to R.C. 2305.19, Amos was entitled to re-file her complaint within one year of the dismissal. Thus, we find that the trial court erred in ruling that Amos' failure to commence her original action within the statutory period required dismissal. Accordingly, we overrule the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
 I. {¶ 2} On September 1, 1999, Amos received an injury at a McDonald's Restaurant in Logan, Ohio. Amos filed a complaint in the trial court on August 31, 2001. The parties agree that Amos attempted service upon McDonald's Restaurant's designated statutory agent through a praecipe requesting certified mail service, and that Amos received notice that her attempt at service via certified mail was not perfected. On December 19, 2002, the trial court dismissed Amos' original complaint due to "failure of service within one year."
 {¶ 3} On December 16, 2003, Amos re-filed her complaint. McDonald's Restaurant filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (2). The trial court dismissed the action, with prejudice, because "the plaintiff did not commence her action within the two year statute of limitations." (Emphasis sic.) Amos appeals, asserting the following assignment of error: "The trial court erred when it dismissed plaintiff's complaint contra to R.C. 2305.19, the savings statute, and Thomas v.Freeman (1997), 79 Ohio St.3d 221."
 II. {¶ 4} We review the dismissal of a case pursuant to Civ.R. 12(B)(1) (lack of subject matter jurisdiction), or Civ.R. 12(B)(2) (lack of personal jurisdiction), under the de novo standard of review. Information Leasing Corp. v. Jaskot,151 Ohio App.3d 546, 2003-Ohio-566, at ¶ 9; Shockey v. Fouty
(1995), 106 Ohio App.3d 420, 423.
 {¶ 5} Amos contends that the trial court erred as a matter of law in dismissing her complaint with prejudice based on the saving statute and Thomas v. Freeman (1997), 79 Ohio St.3d 221. Specifically, Amos contends that she attempted to commence her action within the applicable statutory period, and that the trial court dismissed her original complaint otherwise than upon the merits. McDonald's Restaurant contends that the trial court committed no error because, by failing to perfect service within one year of filing her original complaint, Amos failed to properly commence her cause of action within the two year statute of limitations, thereby causing the dismissal of her original complaint on the merits.
 {¶ 6} The saving statute, R.C. 2305.19, provides: "In an action commenced, or attempted to be commenced * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff, * * * may commence a new action within one year after such date." Thus, the saving statute has two requirements: (1) that the action was commenced, or attempted to be commenced; and (2) that the original action did not fail on the merits.
 {¶ 7} R.C. 2305.10 provides that an action for bodily injury "shall be brought within two years after the cause thereof arose." The failure of an action on statute of limitations grounds constitutes a failure on the merits. LaBarbera v.Batsch (1967), 10 Ohio St.2d 103. See, also, Gruber v. KopfBuilders, Inc., 147 Ohio App.3d 305, 2001-Ohio-4361, at ¶ 18-22. "Where it is properly established that in a prior suit on the same cause of action between the same parties a valid and existing final judgment was rendered for defendant on the ground that the statute of limitations had expired prior to its commencement, such judgment, whether or not erroneous, is on the merits, and is res judicata, and the plaintiff is not entitled to recommence his action under Section 2305.19, Revised Code."LaBarbera at syllabus.
 {¶ 8} In Thomas, the Supreme Court of Ohio held: "When a plaintiff has failed to obtain service on a defendant, whether the court dismisses the case under Civ.R. 4(E) (failure to obtain service) or Civ.R. 41(B)(1) (failure to prosecute), the dismissal is otherwise than on the merits pursuant to Civ.R. 41(B)(4)."Thomas at paragraph one of the syllabus.
 {¶ 9} McDonald's Restaurant recognizes the Thomas holding, but contends that this case is distinguishable because it involves the application of Civ.R. 3(A) rather than Civ.R. 4(E). Civ. R. 3(A) states that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * *." Civ.R. 4(E) permits a court to dismiss a case without prejudice if service of the complaint is not achieved within six months. In Thomas, the plaintiff's case was dismissed for failure to obtain service within six months.Thomas at 222.
 {¶ 10} In contrast, in Anderson v. Borg-Warner, Cuyahoga App. Nos. 80551 and 80926, 2003-Ohio-1500, the plaintiffs failed to obtain service within one year of filing their complaint.Anderson at ¶ 26. The court held that, "[w]hile a dismissal based on failure of service, as the dismissal in Thomas, iswithout prejudice, failure to commence an action within the statute of limitations is [a dismissal] with prejudice." (Emphasis sic.) Id. Thus, the Anderson court held that the plaintiffs' action was not preserved by the saving statute, as it did not meet the second requirement of having been dismissed otherwise than on the merits. Id., citing LaBarbera, supra.
 {¶ 11} Despite the Anderson court's logic, other appellate courts in this state, including the district that decidedAnderson and this district, have not followed suit. Instead, the majority of courts interpret Thomas to provide that the saving statute applies to preserve a plaintiff's cause of action even if the plaintiff fails to perfect service within one year of filing the complaint. See Stone v. Adamini, Cuyahoga App. No. 83159, 2004-Ohio-4466, at ¶ 16; Witschi v. Welch, Richland App. No. 03CA81, 2004-Ohio-2940, at ¶ 28; Whitt v. Hayes, Scioto App. No. 02CA2856, 2003-Ohio-2337, at ¶ 13; Abel v. Safety FirstIndus., Inc., Cuyahoga App. No. 80550, 2002-Ohio-6482, at ¶ 42;Sorrell v. Estate of Datko, 147 Ohio App.3d 319,2001-Ohio-3460, at ¶ 17-24; Shanahorm v. Sparks (Jun. 29, 2000), Franklin App. No. 99AP-1340; Schneider v. Steinbrunner
(Nov. 8, 1995), Montgomery App. No. 15257. These courts reason that an "attempt to commence" an action within the meaning of R.C. 2305.19 requires only that the plaintiff file the action within the statute of limitations and making a demand for service within one year of filing the complaint. They further reason that the General Assembly would not have included the "attempt to commence" language in R.C. 2305.19 had it intended to require successful service. See Stone at ¶ 16-20; Whitt at ¶ 10-13.
 {¶ 12} We find, as we held in Whitt, that the R.C. 2305.19
preserves a plaintiff's cause of action when he or she files a complaint and makes a proper demand for service within one year. Here, in its judgment entry dismissing Amos' second complaint with prejudice, the trial court emphasizes that Amos did not commence her original action within the statutory period. However, pursuant to R.C. 2305.19, the mere attempt to commence an action satisfies the first requirement to save an action in the same manner that actual commencement satisfies the first requirement to save the action. Additionally, pursuant toThomas, the dismissal for failure of service constitutes a failure otherwise than upon the merits, and such a dismissal meets the second requirement to save the action.
 {¶ 13} Because Amos filed her original complaint within the statutory period and made a proper demand for service within one year of filing her complaint, R.C. 2305.19 applies. Therefore, Amos was entitled to re-file her complaint within one year of the dismissal of her original complaint. Because Amos re-filed her complaint within that one year time period, the trial court erred as a matter of law in dismissing Amos' second complaint. Accordingly, we sustain Amos' assignment of error and reverse the judgment of the trial court.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Milligan,* J. and Abele, J.: Concur in Judgment and Opinion.
* Judge John R. Milligan, retired from the Fifth DistrictCourt of Appeals, sitting by assignment of the Supreme Court ofOhio in the Fourth District Court of Appeals.