OPINION
{¶ 1} Plaintiff-appellant Nationwide Mutual Insurance Company appeals the decision of the Youngstown Municipal Court which granted summary judgment in favor of defendants-appellees Samuel Galman and Carmen Rivera. The issue before us is whether there was a failure of service upon both appellees that caused the statute of limitations to expire before an amended complaint was filed and served. For the following reasons, summary judgment is reversed, and this case is remanded for further proceedings.
 STATEMENT OF THE CASE {¶ 2} On June 22, 2000, Nationwide's insured, Dennis Palazzo, was rearended by a vehicle driven by Carmen Rivera and owned by Samuel Galman. According to Mr. Palazzo's affidavit, Ms. Rivera stated that she had no insurance and that she did not own the vehicle. She gave Mr. Palazzo a pager number said to be that of the vehicle's owner. She did not give her last name or address or the address of the vehicle's owner as required by R.C. 4549.02(A). Mr. Palazzo recorded the vehicle's license plate number, which they eventually discovered was registered to Mr. Galman.
 {¶ 3} The day after the accident, Mr. Palazzo was contacted by someone stating he was the vehicle's owner and offering a small settlement. Mr. Palazzo refused the settlement offer, and he never heard from the caller again. Calls to the pager number were never answered.
 {¶ 4} On March 1, 2001, Nationwide filed suit against Mr. Galman and John Doe, name and address unknown. Nationwide asked for service by certified mail on Mr. Galman at 220 Kendis Circle #B Campbell, Ohio 44405 and on John Doe at "address unknown." The certified mailings were initiated on March 6, 2001. Of course, the attempted service on John Doe was returned for insufficient address. Mr. Galman signed for his service by certified mail on March 16, 2001.
 {¶ 5} Two days before service of the original complaint was completed upon Mr. Galman, Nationwide filed a first amended complaint, on March 14, 2001, in order to increase the damage prayer from $8,558 to $10,968. Once again, service on John Doe was returned for insufficient address. This time, using the exact same address as the successful service, the attempted service by certified mail on Mr. Galman was returned the very next day for "no such street."
 {¶ 6} Nationwide then asked that service be made for both defendants on the Secretary of State pursuant to R.C. 2703.20, which basically provides that the licensed operator or owner of a motor vehicle who conceals his whereabouts makes Ohio's Secretary of State his agent for service of process in a civil suit arising out of an accident or collision involving the vehicle. This service was accomplished on April 12, 2001.
 {¶ 7} Nationwide thereafter moved for default judgment against Mr. Galman, which was granted on August 14, 2001. Nationwide then asked that a certificate of judgment be issued to the Bureau of Motor Vehicles for purposes of suspending Mr. Galman's driving privileges. In this request and the subsequent certificate, Mr. Galman's address was listed as 220 Kendis Circle #B. Youngstown, OH 44505. (Note the city and zip code are different). Apparently, Mr. Galman then contacted Nationwide.
 {¶ 8} Subsequently, Nationwide asked that the default judgment be vacated, and the court vacated the default judgment on December 19, 2001. Mr. Galman then filed an answer to the first amended complaint on January 22, 2002. He denied the accident occurred and asked for dismissal, citing the following defenses: lack of personal jurisdiction, failure of process, failure of service of process.
 {¶ 9} Due to an upcoming deposition, the pretrial scheduled for June 12 was rescheduled for July 25, 2002. Nationwide took the deposition of Mr. Galman on June 14, 2002. At such deposition, Mr. Galman admitted that his vehicle had been involved in a collision and disclosed that the driver had been Carmen Rivera. The technical statute of limitations ending date was Monday, June 24, 2002.
 {¶ 10} On the day of the pretrial, Nationwide filed a motion for leave to amend their complaint instanter in order to join the driver due to Mr. Galman's statement that another party was the driver. The court granted the motion; thus, the second amended complaint was deemed filed instanter on July 25, 2002.
 {¶ 11} Mr. Galman was successfully served by certified mail on August 9, 2002 at 220 Kendis Circle #B Campbell, Ohio 44405. (Note this is the address where the first complaint was successfully served but where the first amended complaint was returned as no such street.) Ms. Rivera was personally served in January 2003. Prior thereto, she and Mr. Galman jointly answered the second amended complaint. They admitted the collision, denied negligence, and asked for dismissal based upon lack of personal jurisdiction, failure of process, failure of service of process, statute of limitations, and failure to timely commence under the Civil Rules.
 {¶ 12} On September 4, 2002, Mr. Galman and Ms. Rivera filed a joint motion for summary judgment. Ms. Rivera argued that she was not personally served with the complaint or amended complaint within one year as required by Civ.R. 15(D) in cases of complaints against those with "name unknown." She concluded that because personal service was never obtained upon her within one year and because the complaint was not amended to add her name before the statute of limitations ran on June 24, 2002, the second amended complaint was barred by the statute of limitations.
 {¶ 13} Mr. Galman first contended that he was never served with the original complaint or the amended complaint within one year as required for commencement of an action under Civ.R. 3(A). Because he was not served (with the second amended complaint filed after the June 24, 2002 statute of limitations date) until August 9, 2002, he concluded that the action was thus never commenced within the statute of limitations period. In his later reply, he realized that he had been served with the original complaint. He thus argued that because service of the original complaint actually occurred two days after Nationwide filed their first amended complaint, service on the original complaint was a nullity. Mr. Galman urged that Nationwide should have dismissed and refiled or amended its complaint before the statute of limitations ran in order to obtain an additional one year to serve him. In making these arguments, Mr. Galman also argued that service on the Secretary of State was invalid because Nationwide's files contained Mr. Galman's accurate address but kept using an inaccurate one.
 {¶ 14} Nationwide responded by arguing that the statute of limitations was tolled and did not begin running as to Ms. Rivera until June 14, 2002, when Mr. Galman revealed that she was the driver of his vehicle on the day of the collision. First, Nationwide proposed that the statute of limitations was tolled under R.C. 2305.15(A) because Ms. Rivera concealed herself by violating R.C. 4549.02, which required her to give Mr. Palazzo her full name and address. They attached Mr. Palazzo's affidavit stating that Ms. Rivera did not give her last name or address or the address of Mr. Galman. Nationwide alternatively argued that the statute of limitations was tolled as to Ms. Rivera because she was an unidentified tortfeasor.
 {¶ 15} As to Mr. Galman, Nationwide argued that vacation of the default judgment revived the action and gave them one year from the December 13, 2001 vacation to obtain service upon him, noting that he was indisputably served on August 9, 2002. In the alternative, Nationwide argued that Mr. Galman was timely served with the original complaint. Nationwide also argued that Mr. Galman engaged in concealment by falsely representing (during negotiation of the vacation of default judgment and in his answer) that his vehicle was not involved in the collision. They noted that he did not admit that his vehicle was involved in a collision until the June 14, 2002 deposition.
 {¶ 16} As to both defendants, Nationwide alternatively noted that they served the Secretary of State with their first amended complaint within one year. Due to all of the above arguments, Nationwide urged that they could have dismissed the action and refiled it under the saving statute of R.C. 2305.19, which provides that an action commenced or attempted to be commenced within the statute of limitations and then dismissed otherwise than on the merits can be refiled within one year. Nationwide concluded that if the court is going to dismiss their first amended complaint for failure to commence due to failure of service, then their second amended complaint should be construed as such proper refiling under the saving statute and due to statute of limitations tolling from concealment, giving them one year from the July 25, 2002 second amended complaint to obtain service on the defendants.
 {¶ 17} On September 3, 2003, a year after the motion was filed, the trial court granted summary judgment in favor of the defendants. Nationwide filed timely notice of appeal. Nationwide sets forth seven assignments of error on appeal in support of their contention that the court erred in granting judgment as a matter of law to Mr. Galman and Ms. Rivera.
 {¶ 18} These assignments argue: (1) the statute of limitations was tolled; (2) the defendants were timely served; (3) vacating the default judgment reinstituted the action and gave an additional one year for service; (4) service was properly obtained within one year of the second amended complaint; (5) technicalities of Civ.R. 3(A) should not deprive a party of a trial on merits; (6) since they could dismiss and refile under the saving statute, their second amended complaint should be considered a refiling as the law does not require the doing of a useless thing; and (7) summary judgment was improper as even if the case could have been terminated for lack of service, only dismissal without prejudice would have been the appropriate remedy.
 {¶ 19} We shall start our analysis finding in favor of Nationwide on portions of its sixth and seventh assignments of error, mixed with some points from the fourth and fifth assignments of error. We then make alternative analyses in favor of Nationwide under its first assignment of error. As such, addressing the second and third assignments is unnecessary.
 {¶ 20} Even assuming that service was never properly obtained over the defendants on the first amended complaint, this problem initially deals with lack of service leading to a lack of personal jurisdiction. Civ.R. 4(E) provides that if service of summons and complaint is not made upon the defendant within six months, then the action shall be dismissed as to that defendant without prejudice, unless the plaintiff can show good cause as to why service was not obtained. Civ.R. 41(B)(1) provides that where the plaintiff fails to prosecute, the court may dismiss an action or claim. A failure to perfect service results in a lack of personal jurisdiction. Thomas v. Freeman (1997), 79 Ohio St.3d 221, 225. A dismissal based upon lack of personal jurisdiction is a dismissal otherwise than on the merits, i.e. without prejudice. Id. citing Civ.R. 41(B)(4). Thus, a dismissal for lack of service/lack of personal jurisdiction/failure to prosecute is without prejudice and not on the merits regardless of how the trial court frames it. See Id. at 225-226.
 {¶ 21} Here, dismissal of the first amended complaint for lack of service should have been without prejudice. Although we shall set forth more case law on this subject below, we need to outline a discussion on the court's dismissal of the entire action, which necessarily includes the second amended complaint.
 {¶ 22} Contrary to appellees' belief, Goolsby is not cited here for the proposition that Nationwide's second amended complaint should be considered a refiling within the two-year statute of limitations. Goolsbyv. Anderson Concrete Corp. (1991), 61 Ohio St.3d 549. Rather, Goolsby is merely used for the general proposition that Nationwide should not be required to dismiss its case and refile under the saving statute since it filed a second amended complaint that the court held does not relate back anyway. Id. at 551 (stating that if the plaintiff could have dismissed and refiled to save her case, then her instructions to serve the complaint shall be construed as the equivalent to a refiling in order to avoid impediments to the expeditious administration of justice), citing Civ.R. 1(B) (which provides that the "rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice"). See, also, Fetterolf v. Hoffman-LaRoche, Inc. (1995),104 Ohio App.3d 272, 279 (finding an amended complaint with instructions to serve is also equivalent to a refiling).
 {¶ 23} Here, the question of whether the statute of limitations ran only became relevant due to appellees' contention that the second amended complaint filed July 25, 2002 did not relate back, under Civ.R. 15(C), to the original or first amended complaint for purposes of the statute of limitations because those complaints never commenced the action. If the first amended complaint never commenced the action and the second amended complaint did not relate back for statute of limitations purposes, then the second amended complaint, which was properly served upon the defendants, can be considered equivalent to a refiling. (Otherwise, this court would be forcing unnecessary steps in the litigation since, upon our reversal and recategorization of the dismissal as without prejudice, we would allow this exact complaint to be refiled and re-served anyway. It is a matter of judicial economy and liberal construction of the civil rules recognized by the courts.)
 {¶ 24} Moreover, it is only upon construing this second amended complaint as refiling that the trial court could have reached the statute of limitations issue. Civ.R. 3(A) states that an action is commenced by filing a complaint and service within one year of filing. See, also, R.C. 2305.17. This rule is "based on the philosophy that dockets should be cleared if, within the reasonable time of one year, service has not been obtained." 1970 Staff Note. Such statement evidences that any dismissal for failure to obtain service is a docket clearing measure and not a decision on the merits. Although Civ.R. 3(A) may be the rationale, the dismissal is truly one under Civ.R. 41 or 4(E).
 {¶ 25} The other side of Civ.R. 3(A) is the provision of a definition of commencement, relevant to later statute of limitations questions. Specifically, R.C. 2503.03 provides that, unless a different limitation period is prescribed by statute, a civil action can be commenced only within the period prescribed in R.C. 2305.03 through R.C. 2305.22. The applicable statute of limitations is R.C. 2305.10, which provides that an action for bodily injury or injury to personal property shall be brought within two years after the cause arose.
 {¶ 26} Although R.C. 2503.03 states that the action must be commenced
within the two-year period provided by R.C. 2305.10, it also contains an exception to this commencement rule. That is, the two year rule does not apply if a different limitation period is prescribed by statute. This leads us to the saving statute, R.C. 2305.19(A). Under this saving statute, if the plaintiff fails otherwise than upon the merits in an action that is commenced or attempted be commenced, the plaintiff may commence a new action within one year of the failure otherwise than on the merits or within the statute of limitations, whichever is later. R.C. 2305.19(A). Thus, as will be further explained infra, utilization of the saving statute does not require actual commencement, just attempted commencement.
 {¶ 27} Here, if Nationwide truly did fail to perfect service on the defendants on the first amended complaint as appellees alleged, then any failure should be labeled as otherwise than on the merits since a dismissal for such failure of service and lack of personal jurisdiction would be without prejudice. If the second amended complaint truly does not relate back under Civ.R. 15(C) for purposes of the statute of limitations as appellees claim, then the second amended complaint can be considered equivalent to a new filing. Such new filing must be made within the statute of limitations, unless excepted by the saving statute.
 {¶ 28} In other words, because Nationwide's alleged failure on the first amended complaint was otherwise than upon the merits, the saving statute would allow plaintiff one year to commence a new action. Due to appellees' arguments concerning a failure of the second amended complaint to relate back, Nationwide's second amended complaint, filed after leave was granted instanter as of July 25, 2002, became the filing of a new action. Service on this complaint was made by certified mail on Mr. Galman within two weeks. Service by certified mail on Ms. Rivera was returned as unclaimed after three attempts. Thus, she was served personally in January 2003, well within one year of the filing of the second amended complaint.
 {¶ 29} Appellees rely on an Eighth District case to support their contention that failure to commence the action on the first amended complaint within one year caused a dismissal with prejudice for a statute of limitations violation. Anderson v. Borg-Warner, 8th Dist. No. 80551, 80926, 2003-Ohio-1500. See, also, Kraus v. Maurer, 8th Dist. No. 83182, 2004-Ohio-748. It is true that a decision on the statute of limitations is on the merits. See LaBarbera v. Batsch (1967), 10 Ohio St.2d 103. Although LaBarbera stated that a new complaint cannot use the saving statute where the prior dismissal was for statute of limitations violations and was with prejudice, this Supreme Court holding was based upon the rule that the plaintiff cannot relitigate the dismissal issue later. Id.
 {¶ 30} Here, Nationwide raises the dismissal issue at the time it was ordered, and we thus have the opportunity to render a decision on the type of dismissal before res judicata bars the claim. The trial court here attempted to simultaneously dismiss for failure to serve and bar based on statute of limitations. In rendering our decision, we hold that the failure to serve a decision must come before a statute of limitations decision, or the saving statute would be rendered a nullity.
 {¶ 31} The Eighth District's Anderson case, on the other hand, reasons that Civ.R. 3(A) would be rendered a nullity if our analysis were true. However, as aforementioned, Civ.R. 3(A) is a non-prejudicial docket clearing measure and a definition statute whose future effect depends on later application upon refiling after dismissal. This court has previously held as much. Sorrell v. Estate of Datko (2001),147 Ohio App.3d 319.
 {¶ 32} In that case, we first noted that any prior case law defining attempt to commence under the saving statute as actual service being obtained, was based upon an old version of R.C. 2305.17 that actually defined an attempt to commence as equivalent to actually commencing the action. Id. at ¶ 17-18. Since that time, the general limitations statute of R.C. 2305.17 was changed so that it no longer defines an attempt to commence as such. Id. We concluded that attempt to commence as used in the specific saving statute of R.C. 2305.19 now has a meaning other than commencement itself. Id. citing Husarick v. Levy (Nov. 10, 1999), 8th Dist. No. 75114; Schneider v. Steinbrunner (Nov. 8, 1995), 3d Dist. No. 15257.
 {¶ 33} We also relied on the Supreme Court's 1997 Thomas case, discussed supra, where the Supreme Court stated, "since Thomas filed her initial complaint and demanded service before the two-year statute of limitations expired, and since the statute of limitations subsequently expired, Thomas had one year * * * to refile her complaint * * *." Id. at ¶ 20, quoting Thomas at 227. We reasoned that this statement leads one to conclude that the Supreme Court would define attempt to commence for purposes of the R.C. 2305.19 saving statute as filing a complaint and demanding service before the statute of limitations expired. Id. citingMotorists Mut. Ins. Co. v. Huron Rd. Hosp. (1995), 73 Ohio St.3d 391, 396
(noting consistency of our holding with the Supreme Court's holding that the mere filing of a complaint without attempted service is not an attempt to commence). We thus applied the holding in Thomas to Civ.R. 3(A). Id. at ¶ 22.
 {¶ 34} Other courts, including Eighth District decisions both before and after Anderson, agree with our interpretation of Thomas, providing that the saving statute applies to preserve the plaintiff's action even if he fails to perfect service within one year of filing the complaint as long as he attempts or demands service. See Amos v. McDonald's Rest., 4th Dist. No. 04CA3, 2004-Ohio-5762; Stone v. Adamini, 8th Dist. No. 83159, 2004-Ohio-4466, at ¶ 16; Witschi v. Welch, 5th Dist. No. 03CA81,2004-Ohio-2940, at ¶ 28; Whitt v. Hayes, 4th Dist. No. 02CA2856, 2003-Ohio-2337, at ¶ 13; Abel v. Safety First Indus., Inc., 8th Dist. No. 80550, 2002-Ohio-6482; Shanahorm v. Sparks (June 29, 2000), 10th Dist. No. 99AP-1340; Schneider, 2d Dist. No. 15257. But, see, Hill v.Yeager, 6th Dist. No. WD-04-010, 2004-Ohio-5663, at ¶ 14 (agreeing withAnderson). Moreover, in some of these cases, the court was faced with a second action after dismissal for failure to serve within one year and construed the prior dismissal as necessarily being without prejudice. See, e.g., Amos, supra.
 {¶ 35} We do not agree with the rationale and holding of Anderson; rather, we apply our prior law and that of many other districts. As such, Nationwide's attempt to commence their action and failure of the first amended complaint was otherwise than upon the merits. They were thus allowed to use the saving statute to support maintenance of their second amended complaint filed after the statute of limitations.
 {¶ 36} Ms. Rivera argues there was no attempt to commence a suit against her personally as she was never identified prior to the statute of limitations running. We note that Nationwide served the Secretary of State, under a special statutory provision, due to Ms. Rivera's concealing her whereabouts after a collision, as discussed infra. We also note that this case is unique and unlike those where the saving statute is used and then concealment occurs. Rather, concealment existed from the beginning in this case.
 {¶ 37} Regardless of these claims, the statute of limitations was clearly tolled as to Ms. Rivera, and thus, the saving statute is not even necessary in order to validate the complaint filed against her on July 25, 2002 where her identity was not admitted by the other alleged tortfeasor until June 14, 2002, ten days before the technical statute of limitations would have run. Contrary to the trial court's decision, Ms. Rivera is not entitled to judgment as a matter of law on the issue of concealment. In ruling on the motion for summary judgment, the court was to construe the evidence in the light most favorable to Nationwide as the non-movant. Civ.R. 56(C) (stating that summary judgment can only be granted if no reasonable person could find for the non-movant). In doing so, it is clear that the statute of limitations was tolled due to Ms. Rivera's conduct at the time of accident.
 {¶ 38} Specifically, another saving statute provides if a person conceals herself when a cause of action accrues, the statute of limitations provided in R.C. 2305.10 does not begin to run while the person is so concealed. R.C. 2305.15(A). Moreover if a person conceals herself after a cause of action accrues, the time of concealment shall not be computed as any part of the period within which the action must be brought. R.C. 2305.15(A).
 {¶ 39} Here, because Ms. Rivera was involved in a collision with another vehicle, she had a duty under a criminal statute to provide her name and address and the name and address of the vehicle's owner. R.C.4549.02(A). Failure to provide this information, regardless of the fact that she did not actually flee the scene, is considered "failure to stop after an accident." R.C. 4549.02(B). This offense is at least a first degree misdemeanor and increases to various felonies depending on any harm incurred as a result. Id.
 {¶ 40} Contrary to Ms. Rivera's suggestion, Nationwide's insured did not have some obligation to force her to comply with R.C. 4549.02(A) by insisting she give her name and address. Ms. Rivera had an affirmative duty to provide certain information by virtue of her involvement in a vehicular collision. Her potential criminal failure to do so can be considered tantamount to civil concealment for purposes of R.C. 2305.15(A).
 {¶ 41} In fact, her omissions could also be considered concealing her whereabouts for purposes of service on the Secretary of State under R.C.2703.20. Yet, such service was on a John Doe with no address as Ms. Rivera's name and address were unknown, and thus other actions were eventually required. Situations such as this are the reason for the concealment saving statute. Regardless of any service issues, our analysis above makes any such arguments moot.
 {¶ 42} Additionally and in the alternative as to Mr. Galman, viewing the evidence in the light most favorable to Nationwide, it was incorrect for the trial court to hold as a matter of law that Mr. Galman's conduct did not constitute concealment under R.C. 2305.15(A). For instance, he failed to leave any information when he called Nationwide's insured to offer a settlement. (We must assume he was the caller in order to construe the evidence in favor of the non-movant.) Then, when his pager number was called multiple times by Nationwide, he never responded. (Once again, we must presume that this was his pager number for summary judgment purposes). Also, although he denied his vehicle was in an accident in phone calls with Nationwide after the default judgment was entered and in his answer, he later admitted at his deposition that his vehicle was in an accident and that Ms. Rivera was the driver. As Nationwide argues, due to his denials that his vehicle was in an accident and his claims that no one ever drives his vehicle but himself, they were unsure if their insured wrote down the correct license plate number, which Ms. Rivera had a duty to exchange. Viewing the evidence in the light most favorable to Nationwide, Mr. Galman was not entitled to summary judgment on the concealment statute of limitations toll. See Civ.R. 56(C). As such, the statute of limitations would not bar his claim as a matter of law.
 {¶ 43} Finally, although we need not delve into service issues surrounding Mr. Galman due to our finding that both a tolling provision and the saving statute allow this suit, we note that it is undisputed that Mr. Galman was served with the original March 1, 2001 complaint on March 16, 2001 by certified mail. Mr. Galman argues that because Nationwide amended their complaint on March 14, 2001, before he signed for the certified letter on March 16, 2001, the original complaint could not be commenced by service. His argument is based upon cases stating that an amended complaint supersedes and nullifies the original complaint because under Civ.R. 15(C), it relates back to the date of the original pleading.
 {¶ 44} One could argue that it seems contradictory for Mr. Galman to argue that Nationwide's first amended complaint superseded their original complaint and at the same time, argue that the first amended complaint was never properly served and never commenced the action. In fact, a case cited by appellees in support of their contentions on this issue is actually more favorable to Nationwide. See Sterner v. Sterner (1993),85 Ohio App.3d 513, 519 (4th Dist.). Yet, that court mentioned that the amended pleading substitutes or replaces the original complaint. Id. at 519. However, the court then explained that the trial court did not treat the amended as a substitute for the original for two alternative reasons. One of those reasons was that the amended complaint only substitutes for the original if proper service was perfected. Rather than hold that this statement is untrue, the Fourth District found that service was perfected in that case, thus implicitly determining that the amended complaint does not substitute and replace the original complaint if service was not perfected. Id. at 520-521. In the other case appellees cite, service was not an issue. See Dynes Corp v. Seikel, Koly Co.,Inc. (1994), 100 Ohio App.3d 620, 632.
 {¶ 45} Nonetheless, we shall not delve further into the issue since we have already ruled that Nationwide's second amended complaint is construed as the timely commencement of a civil action under the saving statute and/or under a tolled statute of limitations after a failure otherwise than upon the merits.
 {¶ 46} We make one final note and that is to reemphasize that uninsured drivers involved in accidents cannot refuse to comply with statutes requiring them to provide personal information and identity, rely on the vehicle owner's keeping quiet about the driver's identity until the last minute, and then seek to use the statute of limitations to bar the lawsuit. Also, an owner of a vehicle cannot use the statute of limitations as a bar and avoid the tolling of the concealment statute where he claimed that his vehicle was never in an accident and that no one drives it but him even though he knew that his vehicle was in an accident while being driven by a woman unknown to the injured party. We are not making policy here. Rather, the legislature has already voiced this policy in the multiple statutes outlined above.
 {¶ 47} For the foregoing reasons, the judgment of the trial court is hereby reversed and this case is remanded to the trial court for further proceedings according to law and consistent with this Court's opinion.
Donofrio, J., concurs.
DeGenaro, J., concurs.